297 P.2d 724]

[Civ. No. 20891.   Second Dist., Div. One.   May 29, 1956.]

MYRON R. HUBBELL et al., Respondents, v. CITY OF LOS ANGELES et al., Appellants.

(1)

Roger Arnebergh, City Attorney, Bourke Jones and Allan G. Campbell, Assistant City Attorneys, and Claude E. Hilker, Deputy City Attorney, for Appellants.

Gibson, Dunn & Crutcher, Richard E. David, Samuel O. Pruitt, Jr., and Raymond L. Curran for Respondents.

DORAN, J.—The city of Los Angeles has appealed from a judgment granting to respondents a peremptory writ of mandate invalidating a purported annexation of certain territory designated as the "Howard Addition." The so-called Howard Addition includes an area known as "Johnson Rancho Territory No. 1," purportedly annexed by the city of Inglewood under provision of the Uninhabited Territory Act of 1939 (Gov. Code, §§ 35300-35326). The basic question involved is as to which annexation proceeding is entitled to preference.

The record discloses that prior to April 10, 1953, all of the real property here involved was located outside the corporate limits of Inglewood and of Los Angeles; that on that day certain property owners filed a request with the city clerk of Inglewood asking for the annexation of what was designated as "Johnson Rancho Territory No. 1." On April 15, 1953, the Inglewood City Council, at a regular meeting, instructed the city attorney to prepare the necessary papers for annexation; the matter was referred to the Inglewood City Planning Commission which on June 1, 1953, passed a resolution determining that the territory was contiguous to the city, was uninhabited, and should logically be a part of the city of Inglewood, and recommended annexation.

On June 2, 1953, the Inglewood City Council, by resolution, initiated annexation proceedings, and on July 7, 1953, held a public hearing relating thereto; an ordinance approving the annexation was duly adopted on July 14, 1953, at a regular council meeting, and a copy of said ordinance was mailed to the city clerk of Los Angeles. The annexation ordinance was published and a copy filed with the Secretary of State; on August 19, 1953, the Inglewood city clerk filed with the Los Angeles county recorder, the necessary affidavit that all requirements in reference to the annexation had been completed, together with a certified copy of the boundary description and a map.

The purported annexation of the "Howard Addition" to the city of Los Angeles was instituted May 12, 1953, by 12 persons who published a notice of intention, dated May 11,

1953, to circulate an annexation petition pursuant to Government Code, sections 35100-35158. Consent of the Los Angeles City Council to the circulation of such petition had not then been obtained, as required by statute; such consent was granted on May 13, 1953, and thereafter the same notice was republished with a changed date.

The trial court found that neither a copy of said notice nor of the affidavit of publication was filed with the city clerk within 10 days, as required by statute. In the records of the city council these documents are found between two other papers dated June 25, 1953, but no date of filing is endorsed thereon.

It was also found by the trial court that the Los Angeles City Council, "on or before June 1, 1953, had knowledge of the fact that 'Johnson Rancho Territory No. 1' was uninhabited territory and was subject to pending annexation, as such, to the City of Inglewood."

Thereafter, July 28, 1953, was set for the hearing of protests to the proposed annexation by the city of Los Angeles, and on July 27, 1953, written protests of "the owners of not less than 1025 separate parcels . . . within the 'Howard Addition' " were filed with the city clerk. On July 28th, "less than 30 minutes before the time set for the protest hearing, purported withdrawals of certain protesting owners' signatures were filed . . .. Not more than 154 separate parcels . . . were represented by purported withdrawals . . .." Protestants appeared before the council, and the city clerk read a letter from the Inglewood city clerk, transmitting a certified copy of the ordinance annexing Johnson Rancho Territory Number 1 to the city of Inglewood. Statements were made by counsel for respondent Hubbell and others, and the hearing was then continued to July 30, 1953.

Prior to resumption of the meeting on July 30, as found by the trial court, the Los Angeles city clerk, in checking the protests, "relied upon information obtained from the Los Angeles County Assessor's Map Books and Equalized Assessment Roll . . . prepared as of March 2, 1953," as the sole basis for determining ownership and number of separate parcels in the area. All protests made by record owners whose names did not appear on the roll were eliminated, as were all protests representing parcels which did not appear as separate parcels.

The trial court found that at the July 30th meeting, the council refused to supply requested information, refused to

seek or consider evidence of ownership of separate parcels to be derived from title company records, refused to consider the fact that land within the Johnson Rancho Territory Number 1, included in the proposed Howard Addition, had been subdivided in April 1953, into 225 lots, and finally, "Counsel for the protestants attempted to complete the presentation of their protest but was cut short and prevented by the Council from doing so."

"Thereupon," the trial court found, "the Council purported to adopt a finding that the number of separate parcels in the 'Howard Addition' was 1459; that the owners of 489 of said parcels had made written protest . . . and that protests had not been made by owners of a majority of said separate parcels, and purported to pass an ordinance calling for a special election to be held on September 8, 1953, upon the question of the proposed annexation."

It was found that although "good and valid protests" were made by owners of a majority of the separate parcels, "The Council refused to recognize said majority protest, and, in doing so, acted capriciously, arbitrarily, in excess of its powers and jurisdiction, and in violation and derogation of the rights of the petitioners and plaintiffs and of all of the said protestants."

The court further determined that the Howard Addition annexation proceedings had "improperly and illegally included . . . the 'Johnson Rancho Territory No. 1' area, which area was uninhabited and had been the subject of valid annexation proceedings by and has been annexed to the City of Inglewood." The annexation proceedings by the city of Los Angeles were held to be "wholly void, invalid and of no force or effect."

It is the appellants' contention that the annexation proceedings by the city of Los Angeles were properly conducted and were final and conclusive; that the protests were properly disallowed, and that even if there were defective procedural matters, they "did not vitiate the annexation proceedings." It is further argued that "The Howard Addition Annexation had priority in time and consequent precedence over the Inglewood proceeding, and the latter was therefore void in its inception."

Respondents, on the contrary, contend that the Los Angeles proceeding was irregular and invalid from the outset; that it was invalid "because appellants sought to include therein the Johnson Rancho Territory No. 1 as to which the Inglewood

proceeding had precedence''; that the Howard Addition included ''large, distinct and separable areas of uninhabited territory''; and that the Los Angeles council ''exceeded its jurisdiction and abused its discretion in that it arbitrarily deprived the protestants of a fair hearing and in that its findings were unsupported by evidence and contrary to law, and that the trial court had properly determined that the Los Angeles annexation was void.''

Examining the contentions of the opposing parties in the light of the record, and considering the entire history of the annexation proceedings as carried on by the city of Los Angeles, the conclusion seems inescapable that the findings and judgment of the trial court are adequately supported by both law and evidence, and that no reversible error has been committed.

It requires no citation of authority in support of the proposition that the governing bodies of municipalities stand in a different and higher category than mere employees and directors of a private corporation.  Whatever other functions they may be called upon to perform, members of a municipal council or other public body are at all times trustees of the public welfare.  Obviously, such a trusteeship does not call for competition and strife between such bodies and the interested members of the public; nor between the bodies of neighboring municipalities.  These salutary precepts do not appear to have been recognized or followed in the attempted annexation of the Howard Addition.

Appellants' contention that the trial court was without jurisdiction to entertain the instant controversy, and that the determination of the Los Angeles City Council was final and conclusive, is untenable.  The various decisions cited by the two parties clearly negative such a proposition.  The proceedings in the trial court were properly brought and the contestants were accorded every opportunity to present their respective claims.

The annexation statutes here involved and previously referred to, were designed to cover the specific cases mentioned therein, and the various requirements therein prescribed were much more than mere formalities.  They were definite safeguards designed for the protection of the public and those persons interested in proceedings of considerable importance. It will not do to consider such requirements as mere technicalities with no effect on the final result.  Such a proceeding is either properly carried through in close conformity with

the statutory requirements, or it becomes as the trial court here found, a complete nullity.

Obviously, the annexation statutes never contemplated a situation in which two municipalities would enter a bitter contest to see which could deprive the other of a desired parcel. As stated in the headnote to *Borghi* v. *Board of Supervisors* (1955), 133 Cal.App.2d 463 [284 P.2d 537], "As between rival annexation proceedings and as between annexation and incorporation proceedings, legislative body which first obtains jurisdiction retains it exclusively until final determination of proceedings." The dates at which the rival proceedings were set in motion in the instant controversy have been hereinbefore set forth. As stated by appellant, because of different time requirements in the governing statutes, the city of Inglewood "could and did purport to complete its annexation of the Johnson Rancho before the Howard Addition matter was or could have been put to the vote of the electorate." There is evidence in support of the court's finding that the Los Angeles authorities had knowledge of the Inglewood proceedings as early as June 1, 1953, and on July 24, 1953, a copy of the Inglewood annexation ordinance was mailed to the Los Angeles city clerk.

It is not the function of a reviewing court to weigh the evidence where the record discloses substantial evidentiary support for the findings of the trial court. ■ And, as hereinbefore indicated, the trial court's determination that the Los Angeles annexation proceedings were invalid is adequately supported by the evidence. Aside from the fact that the Los Angeles annexation proceedings "sought to include . . . large areas of uninhabited territory," and "an area which was subject to valid proceedings for annexation to the City of Inglewood under the Annexation of Uninhabited Territory Act of 1939, which proceedings had and retained preference over the Los Angeles proceeding," the trial court found other fatal defects.

Of paramount importance in proceedings such as those here involved is the matter of public hearings, at which interested persons are entitled to be heard. If such hearings are permitted to degenerate into a mere token procedure, or if the administrative body proceeds arbitrarily and without regard to the protests filed, then the statutory requirements mean nothing, and those members of the public most vitally concerned lose all protection.

There is substantial evidence in support of the trial court's conclusion that at the protest hearing in the instant case, the Los Angeles City Council "acted arbitrarily, capriciously, unfairly"; that the council's finding that "a protest had not been made by the owners of a majority of the separate parcels of property in the area involved, was not supported by sufficient or any evidence before the Council," and that the council erroneously disregarded proper protests. It may be noted that any one of the specified errors would doubtless have been sufficient to invalidate the proceedings; the sum total of such errors on the part of the Los Angeles council leaves no room for doubt.

It is unnecessary to further particularize in respect to the various contentions made by the appellants other than to say that they are each and all untenable. The trial court was in a much better position to judge of the weight and credibility of evidence than any reviewing court, and the conclusion reached is supported by record evidence. No reversible error has been pointed out.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied June 18, 1956, and appellants' petition for a hearing by the Supreme Court was denied July 24, 1956. Shenk, J., was of the opinion that the petition should be granted.