393 P.2d 325

STATE of New Mexico for the Use and Benefit of PENNSYLVANIA TRANSFORMER DIVISION, McGRAW–EDISON COMPANY, a corporation, and Pennsylvania Transformer Division, McGraw-Edison Company, a corporation, Plaintiffs-Appellees,

v.

ELECTRIC CITY SUPPLY COMPANY, Inc., and American Casualty Company of Reading, Pennsylvania, Defendants-Appellants.

No. 7413.

Supreme Court of New Mexico.

June 15, 1964.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellants.

Tansey, Wood, Rosebrough & Roberts, Farmington, for appellees.

COMPTON, Chief Justice.

This is an appeal from a judgment in favor of the plaintiff for the purchase price, plus interest and costs, of certain electrical equipment sold and delivered to the defendant, Electric City Supply Company, Inc., of Farmington, New Mexico.

For convenience the appellee will be referred to as materialman; the appellant, Electric City Supply Company, Inc., as contractor; and the appellant, American Casualty Company, as bonding company.

The sole point raised on appeal is whether the trial court erred in denying the contractor and the bonding company permission to file amended pleadings pursuant to Rule 15, our Rules of Civil Procedure, § 21-1-1(15), N.M.S.A., 1953 Comp. The amended pleadings sought to be allowed set up a new defense to the action, all previous defenses having been abandoned.

On April 30, 1959, the contractor entered into a written agreement with Basin Light & Power Company, operators of the Town of Farmington Electric Utility Department, to furnish to the latter certain electrical equipment, including a 5000 KVA Pennsylvania Transformer, for the total price of $48,000.00. In accordance with the terms of the contract and to secure its performance and the payment of all materials furnished thereunder, the bonding company delivered its performance bond in the principal amount of the contract to the Town of Farmington.

All materials called for under the contract were furnished and delivered by the contractor to the Town of Farmington, and payment in full was made by it to the contractor. The contractor, however, failed to pay the materialman for the Transformer and certain other miscellaneous items called for under the contract which had been or-

dered from and delivered to it by the materialman for the total purchase price of $29,658.30, the amount for which this action was instituted.

It should be noted at the outset that there is no dispute with respect to the amount claimed by the materialman. And, except for the matters sought to be raised by the proposed amended pleadings, refused by the court, there is no question with respect to the liability of the contractor or the bonding company for the payment of the above amount.

Each of the proposed amended answers tendered by the appellants asserted that the contract between Basin Light & Power Company and appellant contractor, dated April 30, 1959, as alleged in paragraph 3 of the appellee's complaint, was null and void because it was made in violation of the anti-trust laws of New Mexico, §§ 49–1–1 to 49–1–3, N.M.S.A., 1953 Comp., and of the Federal anti-trust laws, § 1 of the Sherman Act, c. 647, 26 Stat. 209, 15 U.S.C. § 1, and that, therefore, the appellants were relieved from liability for payment of any of the commodities set forth in the complaint. These pleadings recite that on or about June 22 1960, the United States instituted a criminal action against various manufacturers of electrical equipment, including the materialman, the indictment therein charging that the materialman engaged in an unlawful combination and illegal conspiracy and unreasonable restraint of interstate trade and commerce by rigging prices for transformers and other electrical equipment at an artificial level in violation of the Sherman Act, supra; that the materialman and an officer thereof pleaded guilty to the indictment on December 8, 1960, after which judgment was entered and sentences imposed by the United States District Court for the Eastern District of Pennsylvania. The proposed counterclaim of the contractor, brought pursuant to § 49–1–3, supra, alleged sales of electrical equipment by the materialman to the contractor in interstate commerce, and sought damages for prices paid in excess of normal competitive prices, punitive damages and attorney fees.

The appellants contend that their motions to amend were timely filed and that the court arbitrarily denied them the right to plead a defense which, if established on trial, would not only have been a complete bar to the materialman's claim but, in the case of the contractor, by way of its counterclaim, might well have resulted in a substantial recovery. In charging the court with error, they rely on that portion of the rule, 15(a), which provides that "leave shall be freely given when justice so requires."

It is agreed that the allowance or denial of motions to amend is a matter within the sound discretion of the trial court. This court has sanctioned the liberal allowance of amendments under the facts

and circumstances of a particular case, upheld the exercise of the court's discretion in denying amendments under other facts and circumstances but, without exception, has refused to overturn the exercise of a court's discretion in the absence of a clear showing of abuse thereof. State ex rel. Gary v. Fireman's Fund Indemnity Company, 67 N.M. 360, 355 P.2d 291, 84 A.L.R. 2d 1072; Gillum v. Southland Life Insurance Company, 70 N.M. 293, 373 P.2d 536; Coastal Plains Oil Company v. Douglas, 69 N.M. 68, 364 P.2d 131; Hamilton v. Hughes, 64 N.M. 1, 322 P.2d 335; In re Stern's Will, 61 N.M. 446, 301 P.2d 1094; Martinez v. Cook, 57 N.M. 263, 258 P.2d 375.

The order in the instant case, denying the motions to amend the answers and to counterclaim, does not state a specific reason therefor. While the parties here speculate as to the precise reason for the denials, the conclusions of law of the court, based upon its findings of fact which, incidentally, are not attacked, leaves us in no such quandary. It is apparent from the record, which supports the findings, that the court was justified in denying the motions either on the ground that the appellants were dilatory in filing the motions or proposed amended pleadings, or because of the invalidity of the defense set forth therein, or both. In this connection the facts are briefly summarized.

The complaint herein was filed on September 7, 1960. The contractor and bonding company entered their general appearances the same month and the bonding company filed its answer on December 20, 1960. The answer of the contractor, however, was not filed until December 28, 1961, some 15 or 16 months after the filing of the complaint. At this time the cause was at issue and was set for pretrial on March 1, 1962. Although on January 22, 1962 the appellants had advised the materialman that they planned to file motions within two weeks, this was not done until March 1st, at the time of pretrial. And, while a motion was made by each of the appellants to file a first amended answer and counterclaim against the materialman, no proposed amended pleadings were tendered. The court took the motion under advisement and requested briefs of the parties. After considering the pleadings, together with the briefs, the motion was denied April 19, 1962. Thereafter, on May 23, 1962, the appellants filed amended motions for leave to file amended answers and to counterclaim, and the proposed amended answers were thereto attached.

It is important to note that the criminal actions by the United States against the materialman, alleged in the proposed amended pleadings, were commenced on May 25, 1960, three months before the complaint herein was filed and more than twenty months before the motions were made

for leave to file amended answers, embodying these matters, and to counterclaim. Also, the guilty pleas of the materialman and its officer to the criminal action were entered almost two weeks before the bonding company filed its answer and more than a year before the contractor filed its answer to this action.

Finding of fact No. 13 leaves little doubt as to the view the court took of the unexplained delays involved. The finding states:

"That the case had been at issue since December 20, 1960, between plaintiff and defendant, American Casualty Company of Reading, Pennsylvania, some 14 months before the pretrial conference, and since December 28, 1961, between plaintiff and Electric City Supply Company, Inc., said defendant having been in default for more than 16 months, and defendants made no showing of oversight, inadvertence or excusable neglect to justify the failure to file their motion or their proposed amended pleadings."

This does not mean to say, however, that had the appellants justified their long delay in filing the motions to amend and counterclaim, the court would have abused its discretion in denying them. In Canister Co. v. National Can Corporation, D.C.Del., 6 F.R.D. 613, the court said that the admonition of Rule 15 to permit amendment freely does not permit amendment in every case regardless of a party's diligence.

While ordinarily the courts on motion to amend will not pass on the sufficiency of the amended pleading, we think the better reasoning, applied in the federal courts, is that it may do so when the insufficiency or futility of the pleading is apparent on its face. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222; Peterson Steels v. Seidmon, (USCA, 7th Cir.), 188 F.2d 193; Stephens v. Reed, (CCA, 3rd Cir.), 121 F.2d 696; Cuomo v. Cities Service Oil Co., (USDC, S.D.N.Y.), 21 F.R.D. 149; Birnbaum v. Hall, (USDC, E.D., S.C.), 101 F.Supp. 605; and Barron and Holtzoff, Federal Practice and Procedure Vol., 1A, p. 748.

The insufficiency or invalidity of the proposed amended pleadings is made evident by the following findings and conclusions made by the court:

### Findings

"16. That the proposed amended answers each allege that the contract between defendant, Electric City Supply Company, Inc., and Basin Light and Power Company, operators of the Town of Farmington Electric Department, made April 30, 1959, and alleged in Paragraph 3 of plaintiff's First Cause of Action is in violation of Sections 49–1–1, 49–1–2, N.M.S.A.,

1953 Compilation and no other contract is referred to.

"17. That plaintiff, Pennsylvania Transformer Division, McGraw-Edison Company was not a party to the contract of April 30, 1959, nor is there any allegation that it was.

"18. That the proposed counterclaim of Electric City Supply Company, Inc., is brought pursuant to 49–1–3, N.M.S.A. 1953 Compilation.

"19. That said proposed counterclaim alleges sales of electrical equipment by plaintiff to defendant in interstate commerce."

Conclusions

"2. That the proposed amended answers and the counterclaim of the defendants, Electric City Supply Company, Inc., and American Casualty Company of Reading, Pennsylvania, do not state a valid affirmative defense or a claim upon which relief can be granted even if the allegations therein contained are taken to be true.

"3. That the Town of Farmington, New Mexico, is the real party in interest in any claim for violation of the anti-trust laws, and that defendants, Electric City Supply Company, Inc., and American Casualty Company of Reading, Pennsylvania, are not such real parties in interest."

██ We think it obvious that the contract between Basin Light and Power Company and the appellant contractor, dated April 30, 1959, to which the materialman was not a party, is not a contract to which anti-trust violations referred to in the amended answer would apply, nor can it be used by appellants as a basis for charging the materialman with such violations. If the contract sued on was itself tainted with illegality the rule would be otherwise. The cases relied on by appellants are of this nature. See Goldenberg v. Village of Capitan, 55 N.M. 122, 227 P.2d 630; Brown v. Village of Deming, 56 N.M. 302, 243 P.2d 609; Flanagan Home Builders Co. v. McNamara, 58 N.M. 343, 270 P.2d 980; Continental Wallpaper Co. v. Louis Voight & Sons, 212 U.S. 227, 29 S.Ct. 280, 53 L.Ed. 486. It is equally apparent that the allegations of the proposed counterclaim, while filed pursuant to New Mexico Statutes, related solely to purchases and sales made in interstate commerce and contained no allegations of an unlawful agreement, combination or conspiracy to restrict or monopolize trade or commerce within the state of New Mexico, required by §§ 49–1–1 to 49–1–3, supra. In any event, it is difficult to perceive how the appellant contractor, under the circumstances, having been paid in full by the Town of Farmington, the ultimate purchaser of the materials for which payment is sought in this case, could be said to be the real party in interest in a suit for

violation of anti-trust laws. In this connection see Kelly v. Kosuga, 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475, the cases cited therein, and annotations at page 1798 et seq.

Finding no error, the judgment should be affirmed. It is so ordered.

CARMODY and MOISE, JJ., concur.