442 P.2d 585

Jose E. GRIEGO, Plaintiff-Appellee and Cross-Appellant,

v.

Eustacio ROYBAL, Soledad Roybal, his wife, and Eustacio Roybal, the Younger, sometimes known as Ermundo Roybal, Defendants-Appellants and Cross-Appellees.

No. 8437.

Supreme Court of New Mexico.

May 13, 1968.

Rehearing Denied July 15, 1968.

274

John B. Speer, Robert C. Resta, Albuquerque, for appellants.

Catron & Catron, Santa Fe, for appellee.

## OPINION

NOBLE, Justice.

Eustacio Roybal, Sr., and his wife, Soledad, and Eustacio Roybal, Jr., have appealed from a judgment quieting title to certain real estate in the plaintiff, Jose E. Griego.

Defendants Roybal answered denying the allegation of the complaint and, by counter-claim, asserted title to the land in themselves and sought affirmatively to quiet title in themselves. A year later, the Roybals sought permission to amend their answer and, in connection therewith, filed a stipulation by which counsel agreed "that the amended answer of the defendants Roybal may be filed." The amended answer omitted the counterclaim but alleged possession of the land by defendants. A jury demand was filed concurrently therewith; the demand was denied by the court.

The basic question on this appeal is whether the defendants were entitled to a jury trial as a matter of right. In a suit to deprive one of the possession of real estate, article II, § 12, of the New Mexico Constitution grants a right to a jury trial to

the one in possession. See Archuleta v. Landers, 67 N.M. 422, 356 P.2d 443. This right, however, can be waived by the defendant in possession affirmatively seeking to quiet title in himself. Quintana v. Vigil, 46 N.M. 200, 125 P.2d 711. Thus, we must first determine whether the Roybals' counterclaim was abandoned or dismissed, and, if so, had these defendants in possession, nevertheless, waived their right to a jury trial.

Plaintiff strenuously argues that because of his reply to the counterclaim, it could neither have been abandoned nor dismissed over his objection. To bring the whole matter of the pleadings and, thus, a determination of the question of defendants' right to a jury trial into proper perspective, we must view all of the applicable rules together.

The pertinent portions of Rule 41 (§ 21–1–1(41), N.M.S.A.1953) provide:

"(a) * * *

"(1) * * * Subject to the provisions of Rule 23(c) and of any statute, an action may be dismissed by the plaintiff without order of the court * * * (ii) by filing a stipulation of dismissal signed by all parties who have appeared generally in the action.

* * * * * *

"(c) * * * The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim. A voluntary dismissal by the claimant alone pursuant to paragraph (1) of subdivision (a) of this rule shall be made before a responsive pleading is served, or if there is none, before the introduction of evidence at the trial or hearing."

Thus, because there was no court order authorizing a dismissal of the counterclaim, it could only have been dismissed by plaintiff's consent. Did the stipulation amount to such consent? Rule 7(a) (§ 21–1–1(7) (a), N.M.S.A.1953) reads:

"(a) Pleadings. There shall be a complaint and an answer; and there shall be a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if leave is given under Rule 14 to summon a person who was not an original party; and there shall be a third-party answer, if a third-party complaint is served. No other pleadings shall be allowed, except that the court may order a reply to an answer or a third-party answer."

The pertinent portions of Rule 15 (§ 21–1–1(15), N.M.S.A.1953) provide:

"(a) * * * Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party * * * *"

* * * * * *

"(e) * * * In every complaint, answer, or reply, amendatory or supplemental, the party shall set forth in one [1] entire pleading all matters which, by the rules of pleading, may be set forth in such pleading, and which may be necessary to the proper determination of the action or defense."

By its very language, Rule 7, supra, requires a counterclaim to be a part of the answer. See 2A Moore's Federal Practice (2d Ed.) §§ 7.02 and 7.03; 1A Barron & Holtzoff, Federal Practice and Procedure § 243. By equally unambiguous language, Rule 15 requires a party to set forth in one entire pleading all matters which are necessary to be determined; the failure to re-allege allegations of an original pleading constitutes an abandonment of those allegations not re-alleged. See Primus v. Clark, 58 N.M. 588, 273 P.2d 963. Since Rule 7(a) requires a counterclaim to be a part of an answer, it is apparent to us that Rule 15(e) requires a counterclaim, if there is one, to be a part of an amended answer. Plaintiff strongly argues, however, that because of Rule 41(a), supra, the defendants could not have abandoned the counterclaim over his objection. That is true. However, it appears from the language of the written stipulation that the proposed amended answer omitted the affirmative relief formerly pled and was submitted to counsel for

plaintiff together with the stipulation. By agreeing that "the amended answer of the defendants Roybal may be filed," express consent was given to the particular language of the tendered answer. This was not a case where there was merely consent that the defendants might file *an* amended answer; it was consent to file *this particular* amended answer. In view of the mandatory provision of Rule 15(e) requiring such amended pleading to re-allege every matter to be considered, and of our decisions holding failure to do so constitutes an abandonment of the portion not re-alleged, the stipulation would appear to amount to a consent by plaintiff to an abandonment of the counterclaim.

Finally, plaintiff argues that by seeking affirmative equitable relief, the Roybal defendants elected to litigate in equity where there was no right to a jury trial and thereby waived their right to defend in an action at law where there was a right to a trial by jury. Our Rule of Civil Procedure 38(b) (§ 21–1–1(38) (b), N.M.S.A.1953), granting any party making a timely demand a jury trial of "any issue triable of right by a jury," was adopted from an identical federal rule. The federal cases construing that rule hold that when a jury has been waived by failure to make timely demand, the right to a jury trial is not automatically revived by the filing of an amended pleading. See Davis v. Severson, 71 N.M. 480, 379 P.2d 774, and cases therein cited. While that case held that the amended pleadings did not present a substantially new issue, we said that a party who amends his pleadings is entitled to a jury trial as to, but only as to, the new issues raised by the amended pleadings. The author, 5 Moore's Federal Practice (2d Ed.) § 38.41, says:

"* * * It is now well settled that where the amendment creates new jury issues, a party upon timely demand therefor is entitled to a jury trial. Similarly if the amendment deletes the prayer for equitable relief and thereby converts a 'suit in equity' into an 'action at law' * * * a party is entitled as of right then to make a timely demand for jury trial. * * *"

See also Bereslavsky v. Kloeb, 162 F.2d 862 (6th Cir. 1947), and Bereslavsky v. Caffey, 161 F.2d 499 (2d Cir. 1947). Compare Moore v. United States, 196 F.2d 906 (5th Cir. 1952), and E. H. Tate Co. v. Jiffy Enterprises, Inc., 16 F.R.D. 571 (E.D.Pa.1954).

It is only the pleading of possession of the land by a defendant that creates an issue "triable of right by a jury" in an action to quiet the title to real estate, within the meaning of Rule 38(b), supra. Originally the defendants not only failed to plead possession but sought affirmative equitable relief. The allegation of possession in the amended answer and the abandonment of the request for affirmative equitable relief placed these defendants for the first time in a position to demand a jury and created an issue "triable of right by a jury." The jury demand was timely made as required by Rule 38(b).

Quintana v. Vigil, supra, is distinguishable upon its facts. No amendment was made in that case and the defendant persisted in his request for affirmative equitable relief. We conclude that under the circumstances here present, defendants, under the original pleadings, had no basis for a choice on whether to demand or waive a jury, and, accordingly, had not waived the right to a jury trial.

It follows that the judgment appealed from must be reversed and the cause remanded with direction to vacate the judgment, grant the defendants Roybal a jury trial on the issue of their right to possession of the real estate in question, and to proceed further in a manner not inconsistent with the opinion.

It is so ordered.

MOISE, J., WALDO SPIESS, C. J., Court of Appeals, concur.