MR. JUSTICE DAY
delivered the opinion of the Court.
In 1967 the city council of Greenwood Village (the council) passed an annexation resolution, which was later approved by an election. Thereafter the council passed an annexing ordinance. The whole procedure was upheld by the Arapahoe County district court.
On appeal we found that the council had passed the originating resolution without indicating its basis for finding that a certain tract of land — the Perry property — was a part of the city so as to complete the one-sixth contiguity requirement of the Municipal Annexation Act of 1965, 1965 Perm. Supp., C.R.S. 1963, 139-21-3(2).[1] Consequently, we held the annexation proceedings deficient. We reversed the lower court’s judgment and remanded the cause back to that court to remand to the city council for further proceedings consistent with the opinion. Johnston v. City Council of Greenwood Village, 177 Colo. 223, 493 P.2d 651 (1972).
After the district court remand, the council held further hearings at which more evidence on the status of the Perry property was introduced. Again council passed a resolution — conclusory only in our view — stating that the territory met the contiguity requirement. The district court upheld the resolution and reaffirmed its prior judgment. We reverse.
The determination by council in this second phase that the Perry property was in the city in 1967 is manifestly contrary to an overwhelming body of documentary evidence. The council accepted into evidence numerous documents, but then made equivocal observations on almost all of the public records relating to the status of the Perry property. Numerous maps, public utility commission records, tax records of Arapahoe County, of Cherry Creek school district and of Greenwood itself, and records in this court of which we take judicial notice show that from 1950 until three years after the 1967 election upon which this annexation hinges, the Perry property was not in Greenwood Village. But it appears that dispute was capped in 1970 when the heirs of Perry petitioned the city to annex the property. This was done by council. The ordinance formally annexed the property as of 1970 and declared it “was not embraced within any city, city and county, or incorporated town.”
The annexation of the Perry property was an answer to the question whether it was within Greenwood insofar as it affects the status of the property subsequent to 1970. But it also is apparent that the city cannot annex property already in the Village. Consequently the property was not in the Village in 1967 and the annexation disputed by Johnston in this action is a nullity.
*347 There can be no breathing of life into an invalid ordinance by ex post facto patchwork. The people must exercise the franchise in an election devoid of procedural defects. The annexation statutes are more than mere formalities. Either annexation proceedings are conducted with strict compliance or they become a complete nullity. Hubbell v. City of Los Angeles, 142 Cal. App.2d 1, 297 P.2d 724 (1956). In summary, the original election, the subsequent annexation ordinance passed by the Greenwood Village council in 1967 and the attempted reaffirmation of all previous actions by Resolution No. 31, series of 1973, are all void.
The judgment is reversed.

Now section 3l-8-l04(i)(a), C.R.S. 1973.