550 P.2d 350 (1976)
Claude TORBIT and Mary J. Torbit, Plaintiffs-Appellants,
v.
Fred GRIFFITH and Elsie Griffith, Defendants-Appellees.
No. 75-425.
Colorado Court of Appeals, Div. I.
March 25, 1976.
Rehearing Denied April 15, 1976.
Certiorari Denied June 7, 1976.
*351 Agee, Ewing & Goldstein, Peter A. Goldstein, Colorado Springs, for plaintiffs-appellants.
Mack Witty, Salida, for defendants-appellees.
Selected for Official Publication.
VanCISE, Judge.
On September 25, 1974, the Torbits instituted this action against the Griffiths for damages based on alleged misrepresentations during negotiations preceding the purchase of a Salida motel by the Torbits. The trial court granted the Griffiths' motion to dismiss on the ground that the Torbits' were precluded by C.R.C.P. 13(a) from maintaining this separate action since they had failed to raise this fraud claim as a counterclaim in a previous court foreclosure suit brought by the Griffiths against the Torbits following default in payments on a purchase money note secured by deed of trust on the motel property. We affirm.
In the foreclosure action, the Torbits were personally served but entered no appearance. Their default was duly entered and, on May 24, 1974, the court entered its decree of foreclosure and sale. This included, in addition to the order for sheriff's sale of the property, a personal judgment against the Torbits for the balance owing on the note plus interest, attorney fees and costs, and a determination that the defendants had no "right, title, claim or equity of redemption except as provided by law." On June 24, the Griffiths bought the property at the sheriff's sale for the full amount of the judgment plus costs of sale, and, no one redeeming, a sheriff's deed issued to them.
At the hearing on the motion to dismiss the fraud suit, the court held that the two lawsuits arose out of the same transaction, and that therefore the Torbits' present action should have been raised as a counterclaim in the earlier suit. Not having pleaded it there, they were barred from raising it by separate action later.
The Torbits contend that the court erred in granting the motion for dismissal, which was in effect a motion for summary judgment, without any affidavits having been presented in support thereof and without an evidentiary hearing. However, C.R. C.P. 56(b) does not require affidavits, and judgment can be rendered on the pleadings where, as here, there is no dispute as to the facts on which the dismissal was based. There was a hearing in which the court took judicial notice of the matters in its own files in the previous case. See Johnston v. City Council, Colo., 540 P.2d 1081, and Sakal v. Donnelly, 30 Colo.App. 384, 494 P.2d 1316. No purpose would have been served by requiring or receiving other evidence that could not have affected the result.
They further claim that C.R.C.P. 13(a) does not apply in a court foreclosure action, that the policy for speedy foreclosures mandates an exception to the general rule. They cite no authority in support of this proposition, and we have found none. Had the Griffiths desired to proceed more expeditiously without the possibility of motions or pleadings by any other parties, they could have proceeded with a foreclosure through the public trustee under C.R.C.P. 120. They chose otherwise, and there is no reason why the rules applicable to responsive pleadings and counterclaims should not apply to court foreclosures as they do to any other civil action not specifically exempted.
Judgment affirmed.
COYTE and KELLY, JJ., concur.