660 P.2d 621

**Arthur HEFFERN, Individually and as President of Sure-Lock Homes, and Sure-Lock Homes, a New Mexico Corporation, Plaintiffs-Appellants,**

v.

**FIRST INTERSTATE BANK, Formerly known as Bank of New Mexico, a New Mexico Banking Corporation, Defendant-Appellee.**

**No. 5909.**

Court of Appeals of New Mexico.

March 1, 1983.

John E. Farrow, Query, Fairfield, Reecer, Strotz & Stribling, P.C. Albuquerque, for plaintiffs-appellants.

John M. Kulikowski, Thomas C. Bird, Keleher & McLeod, P.A., Albuquerque, for defendant-appellee.

## OPINION

NEAL, Judge.

This case deals with our compulsory counterclaim rule, N.M.R.Civ.P. 13(a), N.M.S.A. 1978 (1980 Repl.Pamph.). The precise issue is whether the plaintiffs' tort claim against the defendant is a compulsory counterclaim, lost when it was not raised in four prior foreclosure actions. The district court held that plaintiffs' complaint was a compulsory counterclaim, and dismissed.

We affirm.

Arthur Heffern, president of Sure-Lock Homes, took out several loans from the defendant, First Interstate Bank. These loans were secured by mortgages on construction projects. The loans were not repaid and the Bank filed four foreclosure suits. In one of the suits the Bank received a default judgment on December 15, 1981. In the other three suits the Bank received stipulated judgments on March 19 and 20, 1981, and May 20, 1981.

On November 30, 1981, plaintiffs filed this five-count complaint. The counts are:

Count I—The Bank, through its agent Carl Rose, extorted money.

Count II—Conversion.

Count III—Wrongful hiring of Rose.

Count IV—Unconscionable trade practices.

Count V—Intentional misconduct; prays for five million dollars in "punitive and exemplary damages."

On December 28, 1981, the Bank moved to dismiss arguing that under Rule 13 the complaint was a compulsory counterclaim in the prior foreclosure actions. The trial court granted the Bank's motion.

Rule 13 states:

(a) **Compulsory counterclaims.** A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, *if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim* and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court

did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13. (Emphasis added.)

We divide our discussion into two parts. First, does Rule 13 apply when no pleading has been filed? Second, is plaintiffs' complaint a compulsory counterclaim?

### 1. *Rule 13 applies even where no pleading has been filed.*

The plaintiffs, pointing out that a default judgment and three stipulated judgments were entered against them in the four prior foreclosure actions, contend that Rule 13 does not apply because no *pleading* was ever filed. They rely on *Martino v. McDonald's System, Inc.,* 598 F.2d 1079 (7th Cir.1979).

In *Martino* a contract action against Martino ended in a consent judgment in favor of McDonald's. In a second action Martino sued McDonald's claiming that the contract provision he breached, which was the basis of the first action, violated antitrust law. Although *Martino* stated that Rule 13 did not apply because no pleading was filed, it held that res judicata barred the second action. We do not agree with *Martino's* treatment of Rule 13.

The purpose of the rule is "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *Southern Const. Co., Inc. v. Pickard,* 371 U.S. 57, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962). In *Ortega, Snead, Dixon & Hanna v. Gennitti,* 93 N.M. 135, 597 P.2d 745 (1979) our Supreme Court, quoting *Scott v. United States,* 354 F.2d 292, 173 Ct.Cl. 650 (1965), stated:

The overriding emphasis is on consolidation and the expeditious resolution (where that is fair) of all the claims between the parties in one proceeding. * * The controlling philosophy is that, so far as fairness and convenience permit, the various parties should be allowed and encouraged to resolve all their pending disputes within the bounds of the one litigation.

Under 13(a) failure to plead a compulsory counterclaim bars a later action on that claim. *Martino, supra; Pipeliners Local Union No. 798, Tulsa, Okl. v. Ellerd,* 503 F.2d 1193 (10th Cir.1974); Wright and Miller, *Federal Practice and Procedure* § 1417 (1971). We hold that Rule 13(a) also applies to the present case.

In holding that, under the circumstances here, Rule 13(a) applies where the prior action ended in a default judgment, or a stipulated judgment, we find support from other jurisdictions. The rule has been applied where the first action ended in a default judgment in *Technical Air Products, Inc. v. Sheridan-Gray, Inc.,* 103 Ariz. 450, 445 P.2d 426 (1968); and *Firemen's Ins. Co. of Newark v. L.P. Steuart & Bro., Inc.,* 158 A.2d 675 (D.C.Mun.App.1960). As stated in *Technical Air Products:*

We would circumvent the purpose of Rule 13(a) if we were to rule that a claim which was the subject of a compulsory counterclaim is not barred in a subsequent suit merely because judgment was taken by default rather than on the merits. Such a rule would allow a litigant to default and then bring a separate action on a claim that would have been compulsory in the first action had he filed an answer.

Rule 13 has also been applied to stipulated judgments. *Harris v. Jones,* 404 S.W.2d 349 (Tex.Civ.App.1966); *Keller v. Keklikian,* 362 Mo. 919, 244 S.W.2d 1001 (1951); *Mensing v. Sturgeon,* 250 Iowa 918, 97 N.W.2d 145 (1959); *Dindo v. Whitney,* 52 F.R.D. 194, (D.N.H.1971), aff'd, 451 F.2d 1 (1st Cir.1971).

In *Dindo* the plaintiff claimed that Rule 13 did not bar his suit against Whitney because a prior action ended in a settlement. This argument was rejected:

To hold that Rule 13(a) does not apply when the prior action is settled would completely subvert the Rule's purpose of bringing about a just and speedy resolution of all the claims between the parties arising out of the same transaction or occurrence.

52 F.R.D. at 199.

We hold that Rule 13 applies to this case even though no pleading was filed. Any

other rule would frustrate the purpose behind Rule 13.

### 2. *Plaintiff's complaint is a compulsory counterclaim.*

■ Does the plaintiffs' claim "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim?" We hold that it does.

In *Moore v. N.Y. Cotton Exchange,* 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926), the Supreme Court, dealing with compulsory counterclaims, stated:

"Transaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.

Although *Moore* deals with Equity Rule 30, the predecessor of Rule 13(a), it is on point because 13(a) is broader in scope than old Equity Rule 30. 3 Moore, Federal Practice ¶ 13.13 at 298–299 (1982). *Moore* further stated that the claim and the counterclaim need not be precisely identical.

Federal courts dealing with Rule 13 have adopted the "logical relationship" test to determine compulsoriness. *Pipeliners Local Union No. 798, Tulsa, Okl. supra; Plant v. Blazer Financial Services, Inc. of Ga.,* 598 F.2d 1357 (5th Cir.1979); 1A Barron & Holtzoff Federal Practice and Procedure § 394 (Wright ed. 1960). Our rule is similar to Federal Rule 13, and we adopt the "logical relationship" test.

Is there a logical relationship between the plaintiffs' claim and the foreclosure actions brought by the Bank? Yes. Both have a common origin and subject matter—the loans. This is the one circumstance without which neither party would have found it necessary to seek relief. *Moore, supra.* Both concern operative facts which occurred in roughly the same time span. The Bank's foreclosure suits arose out of Heffern's failure to make payments due on notes executed between May 4, 1979 and July 23, 1980, and payable in 1980. The conduct plaintiffs complain of occurred between August 9, 1979 and July 7, 1980, a period which falls roughly within the time the notes were due. Also, in Count I plaintiffs allege:

As a direct and proximate result of the malicious and intentional actions of Defendant Bank as described above, Plaintiff Sure-Lock was unable to meet its financial obligations and was forced to cease doing business, and as a consequence lost property exceeding $800,-000.00 in value through foreclosure.

The common subject matter of the claim and the counterclaim, the proximity in time between the operative facts giving rise to each, and the cause and effect relationship between the claim and the counterclaim all support our conclusion that a "logical relationship" exists between the plaintiffs' claim and the prior foreclosure suits.

In holding that, under the circumstances of this case, a tort claim is a compulsory counterclaim to a foreclosure action, we find support from other jurisdictions. Allegations of creditor misconduct have been held to be compulsory counterclaims in foreclosure suits in *Torbit v. Griffith,* 37 Colo. App. 460, 550 P.2d 350 (1976); and *Friedrichsen v. Cobb,* 84 Mont. 238, 275 P. 267 (1929). In each of these cases the failure to raise the compulsory counterclaim in the first action barred the second action based on creditor misconduct.

The district court's order of dismissal is affirmed.

IT IS SO ORDERED.

WOOD and LOPEZ, JJ., concur.