733 P.2d 1316

**SLIDE–A–RIDE OF LAS CRUCES, INC., et al., Plaintiffs-Appellants,**

v.

**CITIZENS BANK OF LAS CRUCES, Defendant-Appellee.**

No. 16472.

Supreme Court of New Mexico.

March 4, 1987.

Rehearing Denied March 25, 1987.

Anthony F. Avallone, Glenn B. Neumeyer, Law Systems of Las Cruces, P.A., Las Cruces, for plaintiffs-appellants.

Lloyd O. Bates, Jr., Kyle Gesswein, Las Cruces, for defendant-appellee.

## OPINION

WALTERS, Justice.

On January 21, 1981, the Small Business Administration authorized a $150,000 loan to plaintiff Slide-A-Ride of Las Cruces, Inc. (Slide) for the purchase of land and construction expenses. Defendant Citizens Bank of Las Cruces, Inc. (Citizens) an approved lender with the SBA, agreed to make an interim loan to Slide to be followed by a permanent loan guaranteed by the SBA. While construction on the ride was in progress, Citizens advanced $66,250 directly to Slide's contractor. Slide alleges this was done without its approval, without a joint payee check, and without a certificate that the work had been completed. According to Slide, the advancement was in contravention of the Slide-Citizens contract, and the contractor was not entitled to payment.

Slide sued Citizens, alleging breach of contract and breach of fiduciary duty. It was allowed to amend its original complaint to include corporate shareholders, Earl and Cornelia Nissen (Nissens) and Sydney and Marilynn Gould (Goulds), as individual plaintiffs. Slide then asked to amend its complaint again to include two additional claims of relief based upon negligence and bad faith. The trial court denied the second motion to amend and dismissed the claims of the individual plaintiffs, which rulings the plaintiffs appeal.

Citizens cross-appeals the trial court's denial of summary judgment to it on Slide's claims of breach of contract and breach of fiduciary duty.

It is pertinent to resolution of the appeal and cross-appeal to relate that prior to the instant case, Citizens had filed suit for payment on a note which had been guaranteed by the Nissens and Goulds. Those defendants answered and counterclaimed against the bank, alleging breach of contract and breach of fiduciary duty. Nissens and Goulds then amended their answer, omitting the counterclaims which had been included in their first answer.

Summary judgment was granted to Citizens on its claim against Nissens and Goulds, and the defendants appealed to this Court. By decision, we affirmed the trial court's ruling.

Citizens now maintains that either the doctrine of res judicata or the failure to prosecute a compulsory counterclaim bars Slide from bringing this lawsuit, and that dismissal of the individual plaintiffs' claims was correct.

We affirm all of the trial court's rulings.

### I.

We agree with Citizens that the counterclaims set forth in Nissens' and Goulds' first answer in the first lawsuit were compulsory counterclaims. As shareholder-guarantors in that case they had the opportunity to, and in fact, did raise and later abandon the same claims they attempted to assert in this matter.

SCRA 1986, Civ.P.R. 1–013(A) [formerly NMSA 1978, Civ.P.R. 13(a)] in pertinent part provides:

> A pleading *shall* state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *. (Emphasis added.)

The purpose of Rule 1–013 is "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *Heffern v. First Interstate Bank*, 99 N.M. 531, 533, 660 P.2d 621, 623 (Ct.App.1983) (quoting *Southern Constr. Co., Inc. v. Pickard*, 371 U.S. 57, 60, 83 S.Ct. 108, 110, 9 L.Ed.2d 31 (1962)). Rule 1–013 is "particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint." *Southern Constr.*, 371 U.S. at 60, 83 S.Ct. at 110.

In New Mexico, a transaction or occurrence is the same if a "logical relationship" exists between the opposing par-

ties' claims. *Heffern,* 99 N.M. at 534, 660 P.2d at 624. A logical relationship will be found if both the claim and counterclaim have a common origin and common subject matter. *Id.*

■ The counterclaims in the previous case which Nissens and Goulds alleged, and the claim which the bank there alleged, both sprang from a common origin, and concerned a common subject matter. Because there is a logical relationship between Citizens' claim of non-payment and Nissens' and Goulds' counterclaims concerning excuse from payment and resulting damages, the counterclaims were compulsory in the first action. They could not be raised in a later action. *See id.*

■ It is not disputed that in the Nissens' and Goulds' amended answer they did not set forth the compulsory counterclaims which had been included in the answer first filed. Slide contends here, however, without citation to any authority, that the counterclaims raised by Nissens and Goulds in their first answer in the previous case are still pending.

SCRA 1986, Civ.P.R. 1–015(E) [formerly NMSA 1978, Civ.P.R. 15(e)], requires that "[i]n *every* * * * answer * * * amendatory or supplemental, the party *shall* set forth in one * * * pleading all matters * * * which may be necessary to the proper determination of the action * * *." (Emphasis added.)

In *Biebelle v. Norero,* 85 N.M. 182, 510 P.2d 506 (1973), we held that the failure to incorporate a previously raised counterclaim in an amended answer is not grounds for dismissal of the counterclaim if the counterclaim actually has been litigated. But *Biebelle* is not helpful to the individual plaintiffs here because the counterclaims asserted in their original answer in the first suit were never litigated. Plaintiffs' contention that the counterclaims are pending is not supported by any law that we have been able to find. Because they failed to incorporate their compulsory counterclaims in their amended answer and the counterclaims were not actually litigated, the Nissens and Goulds are deemed to have

abandoned them. *Cf. Biebelle v. Norero. See Griego v. Roybal,* 79 N.M. 273, 442 P.2d 585 (1968).

We affirm the dismissal of the individual plaintiffs' claims in the instant suit.

## II.

Slide argues next that the trial court abused its discretion in denying leave to amend its complaint a second time in this case.

Slide filed suit on August 14, 1984, and Citizens answered on September 20, 1984. Almost two years later, on April 1, 1986, Slide filed its motion to amend the complaint to allege the two additional claims of relief. At that time discovery was almost complete, a pretrial order had been entered, and the case had been set for trial three times. The trial court, at that time, had also brought the entire pleadings in the earlier case into the file of the pending case.

■ Under SCRA 1986, Civ.P.R. 1–015(A) [formerly NMSA 1978, Civ.P.R. 15(a)], once a responsive pleading has been served, amendments to pleadings will be allowed only by leave of court. Although recognizing that amendments to pleadings are favored, and should be allowed when justice so requires, *id., Camp v. Bernalillo County Medical Center,* 96 N.M. 611, 633 P.2d 719 (Ct.App.1981), we also acknowledge the rule that denial of a motion to amend will be reversed only upon a showing of clear abuse of discretion. *See, e.g., State v. Electric City Supply Co.,* 74 N.M. 295, 393 P.2d 325 (1964); *Newman v. Basin Motor Co.,* 98 N.M. 39, 644 P.2d 553 (Ct.App.1982). Nothing has been offered by Slide to explain why justice required allowance of the amendment, or in what manner the trial court abused its discretion. Simply alleging an abuse of discretion does not make it so.

Considering the time that had elapsed between the filing of the complaint and the filing of the second request to amend, and the history of the first case, we are satisfied that the trial court did not abuse its

discretion in denying the second amendment. *See Pope v. Lydick Roofing Co.*, 81 N.M. 661, 472 P.2d 375 (1970).

### III.

On cross appeal, Citizens raises the doctrine of res judicata as a bar to Slide's prosecution of this lawsuit.

Res judicata is applicable when the parties to a first and second lawsuit are the same or are in privity, the cause of action is the same in both suits, and there has been a final decision on the merits in the first suit. *Myers v. Olson*, 100 N.M. 745, 676 P.2d 822 (1984). Ordinarily, the doctrine of res judicata will preclude a subsequent claim if there has been an opportunity to fully litigate issues arising out of that claim. *Id.*

Citizens takes the position that privity of parties occurs when a person individually or cooperatively controls the litigation of the first lawsuit. *See Meeker v. Walker*, 80 N.M. 280, 454 P.2d 762 (1969). That contention rests upon its perception that the individual stockholders, who were the defendants in the previous action, controlled the instant suit to such an extent that they placed the stockholders and the corporation in privity for purposes of res judicata. The record does not support that argument. *Cf. Meeker v. Walker.*

There was substantial evidence to negate any claim that the corporation controlled the litigation in the first lawsuit or that the individual stockholders controlled the litigation in this suit. Indeed, the sequence of events in both lawsuits would indicate the opposite. We note that in the previous action, Slide's request to intervene was denied; in the present suit the individual stockholders, as party plaintiffs, were dismissed. The requirement that the parties to the first lawsuit and the second lawsuit be the same or in privity has not been met, and the causes of action are not the same. Consequently, the doctrine of res judicata will not apply against the plaintiffs here.

The trial court did not err in denying summary judgment in favor of Citizens on grounds of res judicata.

### IV.

Although stated as five additional points, Citizens really urges that summary judgment in its favor should have been granted because there was no issue of material fact regarding Slide's authorization of payment by the bank to Slide's contractor.

In our role as a reviewing court, we cannot hold as a matter of law that the trial court incorrectly determined that the pleadings, depositions, and affidavits, viewed most favorably in Slide's favor, raised no conflict in that material issue of fact. *See Coe v. City of Albuquerque*, 81 N.M. 361, 467 P.2d 27 (1970). We affirm the trial court's denial of the bank's motion for summary judgment.

The case is remanded for further proceedings on Slide's complaint. IT IS SO ORDERED.

STOWERS and RANSOM, JJ., concur.