Dee **GLASGOW and Delight Glasgow,**
**Plaintiffs–Appellants,**

v.

**EAGLE PACIFIC INSURANCE**
**COMPANY, Defendant–**
**Appellee.**

No. 93–2316.

United States Court of Appeals,
Tenth Circuit.

Jan. 18, 1995.

Robert L. Hackett (Stephen L. Dunne and James E. Uschold on the briefs), Hackett & Dunne, New Orleans, LA, for plaintiffs-appellants.

Alice Tomlinson Lorenz (Stephan M. Vidmar with her on the brief), of Miller, Stratvert, Torgerson & Schlenker, P.A., Albuquerque, NM, for defendant-appellee.

Before TACHA, McKAY and BALDOCK, Circuit Judges.

McKAY, Circuit Judge.

This appeal is the final volley in a protracted battle between Dee and Delight Glasgow and Eagle Pacific, the former insurance company of Mr. Glasgow. Mr. Glasgow had bought from Eagle Pacific a workers' disability policy that provided benefits similar to those available under statutory workers' compensation. After Mr. Glasgow was tortiously injured by a third party, Mr. Glasgow and Eagle Pacific parted ways over a disagreement about rights of subrogation and reimbursement. Mr. Glasgow believed that Eagle Pacific had fraudulently obtained from him a release of his claims against Eagle Pacific. Eagle Pacific, in turn, feared that Mr. Glasgow was scheming to collect a double recovery. Eagle Pacific first sought to have its rights determined by the United States District Court for the District of Louisiana as part of the overall tort action. After this action settled (in favor of Mr. Glasgow) and the federal court determined that it no longer had jurisdiction over the case, Eagle Pacific then brought an action against Mr. Glasgow in state court in Cibola County, New Mexico. While Eagle Pacific pursued its remedies in court (both federal and state), Mr. Glasgow was enjoined from using the proceeds of the settlement. Eagle Pacific eventually lost its state action, and the settlement funds were released. The Glasgows then sued Eagle Pacific.

The Glasgows brought, on behalf of Mr. Glasgow, seven causes of action against Eagle Pacific: fraud and bad faith dealing; violation of the New Mexico Unfair Insurance Practices Act (NMUIPA); violation of the New Mexico Unfair Practices Act (NMUPA); wrongful seizure and abuse of process in the Louisiana federal court action; wrongful seizure and abuse of process in the Cibola County action; prima facie tort; and intentional infliction of emotional distress. These claims were predicated upon the fraudulently obtained release or the two court actions brought by Eagle Pacific to determine the legal effect of that release. The district court ruled that six of these causes of action (all but the prima facie tort claim) were compulsory counterclaims that should have been raised in the Cibola County state action and were consequently barred. The Glasgows appeal this ruling.

We find neither factual nor legal reason to disagree with the district court's reasoning and therefore affirm. The New Mexico rule governing compulsory counterclaims, which is virtually indistinguishable from the federal rule, incorporates a "logical relationship" test. *See Slide–A–Ride v. Citizens Bank,* 105 N.M. 433, 733 P.2d 1316, 1318–19 (1987). "A logical relationship will be found if both the claim and the counterclaim have a common origin and common subject matter." *Id.*

733 P.2d at 1319. Irrespective of other possible bases upon which Eagle Pacific could have grounded the claims raised in the Cibola County action, the release executed by Mr. Glasgow was at the center of that action. The release, in turn, is central to all of the claims now made by the Glasgows. The body of evidence that would decide the Glasgows' current claims is precisely that which would have determined the merits of Eagle Pacific's action in state court. We therefore conclude, as did the district court, that the barred claims should have been raised as counterclaims in the earlier action. *Compare Heffern v. First Interstate Bank,* 99 N.M. 531, 660 P.2d 621, 624 (App.1983) ("Allegations of creditor misconduct have been held to be compulsory counterclaims in foreclosure suits.").

■ Although the complaint did not explicitly plead a cause of action for malicious prosecution, the Glasgows now ask, in so many words, that the pleadings be amended to conform to the evidence of malicious prosecution alleged in the complaint. We assume without deciding that, fairly construed, the complaint does allege malicious prosecution.[1] We also agree with the Glasgows that a counterclaim from malicious prosecution arising from the Cibola County action could not have been made *in that action* because a claim for malicious prosecution, unlike a claim of abuse of process, requires the unsuccessful termination of the culpable prosecution. Nonetheless, we agree with the district court that the Glasgows' malicious prosecution claim fails as a matter of law. In the Cibola County action, the state court judge, after a hearing at which evidence was presented and legal arguments offered, found good cause to grant the injunction seizing the funds in controversy; a later motion by the Glasgows to vacate the injunction—a motion supported by briefs and legal argument—was also denied on the ground that the injunction was supported by cause. These earlier judicial rulings are tantamount to a finding of good cause that precludes an action for malicious prosecution. *Bokum v. Elkins,* 67

N.M. 324, 355 P.2d 137, 141 (1960) ("It has been held that where the injunction is issued after the court is fully informed by proof taken and arguments presented on both sides, that the granting of the injunction under those circumstances is conclusive of probable cause.").

The final cause of action asserted by Mr. Glasgow alleged prima facie tort. Prima facie tort had not yet been recognized in New Mexico at the time of the Cibola County action, and thus the Glasgows could not have based a counterclaim upon prima facie tort. The district court found, however, that the recognition of prima facie tort in New Mexico was not retroactive and, therefore, that the Glasgows could not bring an action for prima facie tort. The New Mexico Supreme Court, in *Beavers v. Johnson Controls World Services, Inc.,* 118 N.M. 391, 881 P.2d 1376 (1994), has since held that the recognition of prima facie tort should be given retroactive effect.

■ We nonetheless find that the cause of action for prima facie tort fails as a matter of law. In recognizing prima facie tort, the New Mexico Supreme Court cautioned that "prima facie tort should not be used to evade stringent requirements of other established doctrines of law," *Schmitz v. Smentowski,* 109 N.M. 386, 785 P.2d 726, 738 (1990). "[I]f at the close of the evidence, plaintiff's proof is susceptible to submission under one of the accepted categories of tort, the action should be submitted to the jury on that cause and not under prima facie tort." *Id.* 785 P.2d at 736. In this case, all of the wrongs averred by the Glasgows fall easily into some other cause of action, be it fraud, abuse of process, malicious prosecution, intentional infliction of emotional harm, or violation of various insurance and unfair trade regulations. Mr. Glasgow's inability to raise those claims here results not from some failure of proof, *compare id.* at 738–39 (allowing plaintiff to bring prima facie tort because elements of fraud or conversion were lacking), but from his own failure properly to bring those claims as counterclaims. To allow Mr. Glasgow to use prima facie tort as a convenient means "to evade [the] stringent requirements" of the

---

1. We note, moreover, that there is no question but that Eagle Pacific was on notice of the malicious prosecution claim.

compulsory counterclaim rule would obviate the rule. We therefore hold that Mr. Glasgow's prima facie tort claims are barred as well. *See id.* at 733–39.[2]

Turning now to the causes of action put forth on behalf of Mrs. Glasgow, the Glasgows appeal summary judgment entered against them on the following causes of action: fraud and bad faith dealing; violation of the NMUIPA; violation of the NMUPA; wrongful seizure and abuse of process in the Cibola County action; prima facie tort; and intentional infliction of emotional distress. We note that her claim for malicious prosecution fails for the reasons applicable to Mr. Glasgow. Her allegations of prima facie tort likewise fail for the reasons given above.

 The district court ruled that Mrs. Glasgow could not bring actions under the NMUIPA or the NMUPA or for fraud and bad faith because she was neither a party to the release nor to the insurance policy. We agree. The insurance policy that lies at the heart of this imbroglio was a voluntary disability policy intended to provide Mr. Glasgow with coverage equivalent to that of workers' compensation. Whatever rights Mrs. Glasgow held under this policy were incidental only and do not give rise to a claim

under the NMUIPA. *See Schuster,* 811 P.2d at 82–83. The impact of the release upon her was similarly incidental. We note also that the release was negotiated solely with Mr. Glasgow; Eagle Pacific is consequently liable to him alone. We therefore affirm summary judgment entered against Mrs. Glasgow on counts one through three.[3]

 Lastly, Mrs. Glasgow contends that the district court improperly concluded that the alleged conduct of Eagle Pacific failed as a matter of law to give rise to a claim for intentional infliction of emotional harm. We reject this contention. To state a claim for intentional infliction of emotional harm, a plaintiff must allege behavior that is so outrageous as to go beyond the bounds of human decency. *See Newberry v. Allied Stores, Inc.,* 108 N.M. 424, 773 P.2d 1231 (1989). Giving Mrs. Glasgow the benefit of every doubt, the actions of Eagle Pacific cannot support her case.

We AFFIRM the decision of the district court granting summary judgment for Eagle Pacific.

---

2. We have held that Mr. Glasgow's claim for malicious prosecution fails as a matter of law. In so doing we have assumed that a claim for malicious prosecution can fairly be read into the complaint. If, however, a malicious prosecution claim were not read into the complaint, it is at least arguable that the allegations of prima facie tort could, in essence, substitute for the unpled malicious prosecution claim. In any event, the prima facie tort claim, like the malicious prosecution claim, cannot survive summary judgment. The state court's finding of cause to continue the injunction constitutes at least a prima facie, if not a conclusive, showing that the Cibola County action was justified. *See Bokum,* 355 P.2d at 141. The burden then shifted to the Glasgows to rebut this prima facie showing by raising " 'reasonable doubt as to whether a genuine issue for trial exist[ed].' " *Fleet Mortgage Corp. v. Schuster,* 112 N.M. 48, 811 P.2d 81, 83 (1991) (quoting *Koenig v. Perez,* 104 N.M. 664, 726 P.2d 341, 343 (1986)). This the Glasgows have failed to do.

3. On appeal, the Glasgows contend that the district court misconstrued their complaint and failed to rule upon Mrs. Glasgow's claim that the two seizures of funds—some portion of which was allegedly the property of Mrs. Glasgow—themselves gave rise to a claim under the NMUPA. We note that the complaint refers only to

claims arising from the manner in which Eagle Pacific obtained the release from Mr. Glasgow. The record, furthermore, contains no evidence that the Glasgows argued before the district court that the seizures gave rise to NMUPA claim; in fact, the converse is true. The Glasgows themselves, in their Memorandum in Opposition to Defendant's Motion to Dismiss or Motion for Summary Judgment, limit the discussion of the NMUPA and NMUIPA claims to "Eagle Pacific's obtainment of the full and final release." Aplt.'s Supp.App. at 40. More·significantly, the Glasgows' argument that the NMUPA and NMUIPA claims were not compulsory counterclaims turns on the fact that those claims were based *on the release* and not on the seizure. *See id.* at 41–45. · The Federal Rules of Civil Procedure command us to construe pleadings so as to promote justice, but there is simply a limit to the extent to which pleadings may be reinterpreted upon appeal to resurrect an otherwise defeated ground for relief. In this instance, the complaint does not allege the seizures as bases for NMUPA and NMUIPA; the argument was apparently not made before the district court; and we will therefore not allow the Glasgows to make, for the first time, such claims on appeal.