551 P.2d 1370

**Bobby L. and Tana LEWALLEN, his wife, Plaintiffs-Appellants,**

v.

**ELMORE MOBILE HOMES, INC., a New Mexico Corporation, Carson Elmore, Individually, and Western Surety Company, Defendants-Appellees.**

**No. 2421.**

Court of Appeals of New Mexico.

June 15, 1976.

John S. Campbell, Alburquerque, for plaintiffs-appellants.

Peter H. Johnstone, Keleher & McLeod, Albuquerque, for defendant-appellee Western Surety Co.

## OPINION

WOOD, Chief Judge.

Plaintiffs purchased a two-bedroom mobile home. Section 64–8–6, N.M.S.A. 1953 (2d Repl. Vol. 9, pt. 2) requires that licensed dealers be bonded. The 1975 amendment to § 64–8–6, supra, is not applicable. There is no issue as to whether a licensed dealer was involved. The appeal involves the applicability of the statutory bond to the purchase. The dispositive issue is whether the statutory bond covers the purchase of a mobile home.

Plaintiffs sued Elmore Mobile Homes, Inc. and Carson Elmore on various grounds. One ground alleged fraudulent misrepresentations concerning the quality of the mobile home and its fitness and suitability for living quarters. Alleging that fraudulent misrepresentations had been made, plaintiffs sued Western Surety Company on the basis that it issued the statutory bond. The trial court dismissed the claim against Western Surety Company for failure of plaintiffs to state a claim upon which relief could be granted. Plaintiffs appeal.

Section 64–8–6, supra, states:

"The bond shall be . . . conditioned upon payment of any loss, damage and expense sustained by the purchaser . . . by reason of failure of the title of the vendor, by any fraudulent misrepresentations or by any breach of warranty as to freedom from liens on the motor vehicle sold by the dealer . . . ."

Western Surety Company asserts that § 64–8–6, supra, does not apply to the purchase of mobile homes. We agree.

Section 64–8–6, supra, refers to the "motor vehicle sold". This statute was enacted by Laws 1961, ch. 109. The title to this

act states that it relates to motor vehicles. The statute was amended by Laws 1971, ch. 186, § 2. The title to the amending act states that it relates to motor vehicles. The bond requirements of § 64–8–6, supra, apply only to the sale of motor vehicles. Compare, *Gallegos v. Wallace,* 74 N.M. 760, 398 P.2d 982 (1964); *City of Las Cruces v. Davis,* 87 N.M. 425, 535 P.2d 68 (Ct.App. 1975).

Motor vehicle is defined in Paragraph B of § 64–1–6, N.M.S.A. 1953 (2d Repl. Vol. 9, pt. 2, Supp. 1975) to mean self-propelled vehicles and vehicles propelled by electric power obtained from overhead trolley wires. Paragraph A of § 64–1–6, supra, defines "vehicle" in terms of a device by which persons or property may be transported or drawn upon a highway.

Section 64–1–8, N.M.S.A. 1953 (2d Repl. Vol. 9, pt. 2, Supp. 1975) defines trailers.

Paragraph E defines a mobile home to mean a house trailer. Paragraph D defines a house trailer to include a vehicle without motive power designed or used as a mobile home.

■ A mobile home, being without motive power, cannot be a motor vehicle within the meaning of § 64–1–6(B), supra.

Oral argument is unnecessary. The trial court correctly dismissed plaintiffs' claim against Western Surety Company because the bond requirements of § 64–8–6, supra, do not apply to mobile homes. The order of dismissal is affirmed. Compare, *Shaw v. Aurora Mobile Homes and Real Estate, Inc.,* 539 P.2d 1366 (Colo.Ct.App. 1975).

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.