**Rogene BAILEY and Bill Bailey, Plaintiffs-Appellants,**

v.

**MONTGOMERY WARD & COMPANY, INC., Defendant-Appellee.**

No. 79CA0458.

Colorado Court of Appeals, Div. I.

May 7, 1981.

Rehearing Denied June 25, 1981.

Certiorari Denied Oct. 26, 1981.

Andersen & Gehlhausen, P.C., John Gehlhausen, Lamar, for plaintiffs-appellants.

Johnson, McLachlan & DiCola, Anthony J. DiCola, Lamar, John E. Walberg, Denver, for defendant-appellee.

STERNBERG, Judge.

In this products liability action tried on a negligence theory, plaintiffs, buyers, appeal a judgment entered following a verdict in favor of defendant, seller. The buyers assert that they were entitled to have the jury instructed that a finding of negligence may be predicated on the seller's failure to warn the buyers of unreasonable dangers it knew or should have known are associated with the use of a product. We agree and therefore reverse.

In November of 1975, buyers purchased four tires for a pickup truck from Montgomery Ward and Company, Inc. Because of the type of split rim wheels on his truck, Montgomery Ward sold them bias-type tube tires. The buyers' old inner tubes were installed in the new tires, a practice which was against Montgomery Ward's policy. Whether buyers knew, or should have known that they had purchased tube tires rather than steel belted radials was in dispute, but the sales receipt states that tube-type tires were purchased. In any event, Montgomery Ward did not warn the buyers that, since old inner tubes are already stretched because of their prior use, when installed in a new tire, they may rub unevenly against the tire casing, causing a blowout. On July 1, 1976, the right rear tire blew out, the pickup overturned, and the driver was injured.

The buyers subsequently brought this products liability action, seeking relief on theories of strict liability, breach of warranty, and negligence. The claims of strict liability and breach of warranty were abandoned, and the case was submitted to the jury solely on their claim of negligence. The only issue before the jury was whether Montgomery Ward was negligent in mounting new tires over old tubes, and the jury determined it was not. However, the trial court refused to instruct the jury on plain-

tiffs' tendered theory of the case that a finding of negligence could be predicated on Montgomery Ward's failure to warn the buyers of the danger inherent in installing new tires over old tubes.

Where, as here, a products liability case is tried on the basis of negligence, an injured user of the product may proceed on the theory that the seller has the duty to give adequate warning of an unreasonable danger not obvious to the user which the seller knows or should know is involved in the use of a product. *W. Prosser, Torts* § 96 (4th ed. 1971); *see Wolfe v. Ford Motor Co.*, 6 Mass.App. 346, 376 N.E.2d 143 (1978). The buyers' tendered instruction on failure to warn, taken from *Colo. J. I.* 14:3 (2d ed. 1980), correctly states the applicable law. *Restatement (Second) of Torts* § 399 (1965). Because, based on the evidence adduced at trial, the jury might have concluded that Montgomery Ward had the duty to warn the buyers, and its failure to do so was the proximate cause of the accident resulting in injury, the trial court's refusal to instruct the jury on this theory of the case was reversible error. *See Federal Insurance Co. v. Public Service Co.*, 194 Colo. 107, 570 P.2d 239 (1977).

We reject buyers' contention that Montgomery Ward was negligent as a matter of law.

The judgment is reversed and the cause is remanded for a new trial.

COYTE and BERMAN, JJ., concur.