644 P.2d 553

Dan NEWMAN and Vera Newman,
Plaintiffs-Appellees,

v.

BASIN MOTOR COMPANY, a New Mexico Corporation,
Defendant-Appellant,

General Motors Acceptance Corporation,
Defendant-Appellant.

No. 5214/5234.

Court of Appeals of New Mexico.

April 15, 1982.

Marvin Baggett, Farmington, for plaintiffs-appellees.

F. D. Moeller, Moeller & Burnham, Farmington, for defendant-appellant Basin Motor Co.

James B. Collins, Tansey, Rosebrough, Roberts & Gerding, P.C., Farmington, for defendant-appellant General Motors Acceptance Corp.

## OPINION

SUTIN, Judge.

Defendants General Motors Acceptance Corporation (GMAC) and Basin Motor separately appeal from a judgment for damages in favor of plaintiffs growing out of the conversion of a trailer. The appeals were consolidated in this Court. We affirm.

### A. *Findings of Court*

The trial court found that:

Plaintiffs entered into an Installment Sale Contract with Basin Motor for purchase of a truck which was subsequently assigned to GMAC. GMAC entered into a contract with plaintiffs in which GMAC was the secured party and the tractor was the security. Plaintiffs defaulted and GMAC, pursuant to a Writ of Replevin, lawfully repossessed the truck at the Fruehauf Corporation premises in Albuquerque; that GMAC wrongfully took possession of the trailer attached to the truck and improperly transported it to Basin Motor in Farmington; that Basin Motor wrongfully withheld the trailer from plaintiffs and sold it contrary to both the law and a restraining order issued by the court.

Sometime after delivery of the truck and trailer to Basin Motor, GMAC relinquished all control over plaintiffs' trailer. Basin Motor took possession of the trailer and exercised exclusive control. GMAC was no longer involved.

At the time of taking and wrongful detention, the trailer had a reasonable value of $6,500.00. The action taken by Basin Motor was in willful, wanton and reckless disregard of plaintiffs' rights and justified an award of punitive damages in the amount of $6,500.00. However, Basin Motor was entitled to a deficiency payment of $6,886.25 on its counterclaim.

Basin Motor was not entitled to a storage lien for retention of the trailer.

The trial court concluded that defendants wrongfully converted the trailer and plaintiffs were entitled to judgment.

The trial court entered judgment that:

(1) Plaintiffs be awarded judgment in the amount of $5,000.00 against defendants jointly and severally;

(2) Punitive damages be awarded plaintiffs against Basin in the amount of $6,500.00;

(3) Basin Motor is allowed an offset in the amount of $6,886.25 against the first two awards.

### B. *Damages awarded plaintiffs against GMAC are affirmed.*

GMAC raises two points:

(1) GMAC did not wrongfully obtain possession of plaintiffs' trailer and is not liable for conversion.

(2) The trial court abused its discretion in allowing plaintiffs to amend their complaint.

GMAC challenged one finding. It reads:

1. Defendant . . . [GMAC] wrongfully took possession of the trailer of Plaintiffs and delivered said trailer to Defendant Basin Motors.

GMAC also challenged a conclusion of law that reads:

8. That transporting of the trailer with the tractor was improper.

■ Occasionally, there is an intermixture of matters of fact and conclusions of law which can easily be separated. *Gough v. Famariss Oil and Refining Company*, 83 N.M. 710, 496 P.2d 1106 (Ct.App.1972). The above conclusion is a statement of an ultimate fact to be established by evidence.

In other words, the court found that GMAC wrongfully took possession of plaintiffs' trailer and improperly transported it to Basin Motor.

■ GMAC also challenged other conclusions of law. It also claimed error by reason of the court's failure or refusal to make requested findings and conclusions of law. Rule 9(m)(2) and (3) of the Rules of Appellate Procedure which relate to Statement of Proceedings, only apply to findings challenged and refused, not to conclusions of law. A party cannot challenge a conclusion of law, nor claim error for the failure

or refusal of the trial court to adopt a conclusion of law.

■ GMAC challenged conclusions of law 1 and 2 which read:

1. That Defendants wrongfully converted the trailer belonging to Plaintiffs.

2. That Plaintiffs are entitled to judgment . . . .

These are conclusions of law and not subject to challenge.

■ GMAC claims its acts did not constitute conversion since it lawfully repossessed the *trailer* and had no hand in its subsequent detention and sale. It relies on a portion of paragraph 6 of the Instalment Sale Contract wherein plaintiffs purchased the tractor from Basin Motor. It reads:

Seller may take possession of any other property *in the hereinbefore-described motor vehicle at time of repossession,* whenever such other *property may be therein,* and hold same for buyer at buyer's risk without liability on the part of seller, buyer to be liable for any charges for storing such property incurred by seller. [Emphasis added.]

The right to take possession of "other property" is limited to property "in" the tractor wherever it may be found "therein." It does not include a trailer attached to a tractor. GMAC relies on *Jones v. General Motors Acceptance Corp.,* 565 P.2d 9 (Okla. 1977); *General Motors Acceptance Corporation v. Vincent,* 183 Okl. 547, 83 P.2d 539 (1938), and *Ford Motor Credit Co. v. Herring,* 267 Ark. 201, 589 S.W.2d 584 (1979). These cases involve certain articles of personal property *in* a repossessed automobile or pickup truck. In *Ford Motor Credit Co.,* the contract specifically provided that "any personalty in *or attached to the property* when repossessed may be held by the seller without liability . . . ." [Id. 589 S.W.2d 586.] [Emphasis added.] "As attached to the property" does not appear in the Basin Motor Installment Sales Contract.

■ GMAC did not lawfully repossess the trailer. Plaintiffs placed the truck and trailer at Fruehauf Trailer Sales in Albuquerque to be sold to pay the GMAC debt.

The GMAC Writ of Replevin authorized the sheriff of Bernalillo County to replevy plaintiffs' truck, not the trailer. The field supervisor of the sheriff's department served the Writ at Fruehauf's with a GMAC representative present. An agreement was reached that when mechanical work could be done on the brakes of the tractor-trailer, the two vehicles would be separated. Then, GMAC would come back and get the tractor. The field supervisor released the tractor, not the trailer, to the GMAC representative and left.

The dispatcher for Malcolm Wrecker Service received a request from GMAC in Albuquerque to pick up a tractor and trailer at Fruehauf Trailers and that its representative, present at Fruehauf, would tell the driver where to deliver them. The Malcolm driver went to Fruehauf and hooked his tow truck on to the tractor-trailer as directed by the dispatcher and delivered it to a place on Second Street. GMAC had the tractor-trailer towed to Basin Motor in Farmington.

*Taylor v. McBee,* 78 N.M. 503, 506, 433 P.2d 88 (Ct.App.1967) defines "conversion" as follows:

Conversion is the wrongful possession of, or the exercise of dominion over, a chattel to the exclusion or in defiance of the owner's right thereto; or an unauthorized and injurious use thereof; or the wrongful detention after demand therefor by the owner.

" 'Wrongful' is defined as injurious, heedless, unjust, reckless, unfair." *Buhler v. Marrujo,* 86 N.M. 399, 403, 524 P.2d 1015 (Ct.App.1974). GMAC, in violation of its Writ, requested the wrecker service to pick up the truck and trailer at Fruehauf and tow them away. This conduct was "wrongful." GMAC was in wrongful possession of the trailer and exercised dominion over it to the exclusion of plaintiffs' rights thereto. It was an unauthorized and injurious use thereof. GMAC "improperly" towed the trailer to Basin Motor in Farmington. By its conduct, it placed plaintiffs' trailer in the possession of Basin Motor, conduct

which led to plaintiffs' additional legal problems and litigation in San Juan County.

GMAC relies upon that portion of the definition of conversion which refers to "wrongful detention after demand therefore by the owner," the last of the four "or" alternatives stated in the definition. GMAC's reliance is inappropriate. It also argues that the record did not indicate why the trailer was taken to Basin Motor in Farmington; that the record indicates only that the trailer was delivered to Basin Motor after GMAC took possession of it. Being in wrongful possession, GMAC was without any right for any reason to have the trailer transported to Basin Motor. Its duty was to separate the two vehicles and leave the trailer in Albuquerque.

■ GMAC relies upon the testimony of its representative at the Fruehauf premises to the effect that assurance had been given that the truck-trailer could not be separated. GMAC did not call as witnesses employees of Fruehauf to establish that fact. We need not restate the venerable rule that the credibility and weight to be given testimony rests solely with the trial court, not this Court. It is unreasonable to believe that detachment could not be accomplished by a reputable firm in Albuquerque, but it could be done by Basin Motor in Farmington.

■ Finally, GMAC claims the trial court abused its discretion under Rule 15(a) of the Rules of Civil Procedure. It allowed plaintiffs to amend their complaint at trial to seek damages. The rule provides that "leave shall be freely given when justice so requires." It is the policy of the law to freely allow amended pleadings when justice so requires. *1st Nat. Bank of Albuquerque v. Energy Eq. Inc.*, 91 N.M. 11, 569 P.2d 421 (Ct.App.1977).

■ At the close of plaintiffs' opening statement, a motion was made to amend Count I which sought a return of the trailer. The trailer had been sold by Basin Motor and could not be recovered. Plaintiffs sought damages in the amount of $6,500.00 for the value of the trailer.

GMAC objected because the evidence would not show that GMAC had any involvement with the decision of Basin Motor to sell the trailer after the lawsuit was filed. The motion to amend was granted. GMAC now claims it was prejudiced by the amendment because it had no opportunity to prepare its case on the issue of the value of the trailer as an element of damages. This issue was not presented to the trial court. Neither did GMAC seek a continuance or any other kind of relief from the emergence of plaintiffs' claim for damages. The district court did not abuse its discretion.

GMAC relies on *Nevels v. Ford Motor Company*, 439 F.2d 251 (5th Cir. 1971); *Blair v. United States*, 147 F.2d 840 (8th Cir. 1945) and *United States v. 47 Bottles, More or Less, Etc.*, 320 F.2d 564 (3rd Cir. 1963). *Nevels* and *Blair* held that the district court did not abuse its discretion in *denying* a motion to amend. Whether a district court grants or denies a motion to amend, the rule remains the same. "Abuse of discretion," controls. *State v. Electric City Supply Company*, 74 N.M. 295, 393 P.2d 325 (1964).

*United States v. 47 Bottles* held that the trial judge did not properly exercise his legal discretion in granting leave to amend after trial at the very end of the case. But where the amendment was requested at an early stage of the trial, it was not an abuse of discretion. After the district court had filed an opinion, the United States requested an amendment to include a prayer for injunctive relief. In a second opinion, it granted the motion to amend and granted the injunction. This was held to be unfair and substantially prejudicial. The court said:

> This discretion, while quite broad, is not unlimited and cannot be exercised in such a manner as to result in substantial prejudice to a party. [Id. 573.]

This rule is equivalent to one in which a trial court abuses its discretion when it acts beyond the bounds of reason.

We have held under Rule 15(b) that a motion to amend the pleadings to conform to the evidence on both actual and construc-

tive fraud, *made and granted after judgment was entered*, was proper. *Citizens Bank v. C & H Const. & Paving Co., Inc.*, 89 N.M. 360, 552 P.2d 796 (Ct.App.1976). It demonstrates the liberality with which Rule 15 is applied.

Plaintiffs' original Count I sought return of the trailer; Count II sought damages for the deprivation of use and the loss of resale. At the time of trial, the trailer had been sold; plaintiffs therefore sought to amend to seek the value of the trailer. GMAC was on notice that the value of the trailer would be in issue. Granting the motion to amend did not result in substantial prejudice to GMAC. The trial court did not abuse its discretion.

C. *The judgment against Basin Motor is affirmed.*

Basin Motor raises three points:

(1) Basin Motor had a right to a storage lien on the trailer.

(2) Punitive damages are not proper.

(3) The value of the trailer at $6,500.00 is erroneous.

Basin Motor had no right to a storage lien on plaintiffs' trailer. It relies on § 48–3–19, N.M.S.A.1978 which reads in pertinent part:

All ... persons engaged in the business of ... storing automobiles ... shall have a lien on all automobiles ... stored or upon which wrecker service is performed when such ... storage ... is furnished or performed at the request or with the consent of any person lawfully in possession of such automobile, for the reasonable value of such services and for costs incurred in enforcing the lien.

A freight trailer separated from a truck tractor is not an automobile under the Motor Vehicle Code. A "freight trailer" means any trailer drawn by a truck tractor. Section 66–1–4(24), N.M.S.A.1978. A "motor vehicle" means every vehicle that is self-propelled. Section 66–1–4(39). We have held that a mobile home, being without motor power cannot be a "motor vehicle." *Lewallen v. Elmore Mobile Homes,*

*Inc.*, 89 N.M. 323, 551 P.2d 1370 (Ct.App. 1976).

*Michigan Mutual Liability Co. v. Stallings*, 523 S.W.2d 539, 542 (Mo.App.1975) says:

"Automobile" is the general name adopted by popular approval to denote all forms of self-propelled vehicles for use on the highways and streets, and the term is defined generally as meaning a self-propelled vehicle suitable for use on a street or roadway.

*Patrick v. State Farm Mut. Auto. Ins. Co.*, 90 N.J.Super. 442, 217 A.2d 909 (1966); *Washington Nat. Ins. Co. v. Burke*, 258 S.W.2d 709 (Ky.1953); *American Mut. Liability Ins. Co. v. Chaput*, 95 N.H. 200, 60 A.2d 118 (1948).

Basin Motor also claims that the trailer was stored with the consent of GMAC while it was "lawfully in possession of" the trailer. As heretofore pointed out, GMAC was not in lawful possession of the trailer.

Punitive damages were proper. Basin Motor does not question the amount of punitive damages awarded plaintiffs. It claims that its conduct was not "maliciously intentional, fraudulent, oppressive, or committed recklessly or with a wanton disregard of the plaintiffs' rights." *Samedan Oil Corp. v. Neeld*, 91 N.M. 599, 601, 577 P.2d 1245 (1978).

The imposition of punitive damages rests within the discretion of the trier of the fact. *Millar v. James*, 254 Cal.App.2d 530, 62 Cal.Rptr. 335 (1967); *Bridges v. Alaska Housing Authority*, 375 P.2d 696 (Alaska 1962); *Security Alum. Wind. Mfg. Corp. v. Lehman Assoc., Inc.*, 108 N.J.Super. 137, 260 A.2d 248 (1970); *Lindgren Plumbing Co. v. Doral Country Club, Inc.*, 196 So.2d 242 (Fla.App.1967) (conversion); *Carlson v. McNeill*, 114 Colo. 78, 162 P.2d 226 (1945) (conversion); *Stoody Company v. Royer*, 374 F.2d 672 (10th Cir. 1967); *Riss & Co. v. Feldman*, 79 A.2d 566 (D.C.Mun.App. 1951) (conversion); *Alabama Power Company v. Rembert*, 282 Ala. 5, 208 So.2d 205 (1968); 25 C.J.S. Damages § 117(2) (1966).

The trial court found:

2. Defendant Basin Motors wrongfully withheld said trailer from Plaintiffs.

3. Defendant Basin Motors wrongfully sold `said trailer contrary to law and contrary to a Restraining Order issued by the Court.

\*  \*  \*  \*  \*  \*

5. That the actions of Defendant Basin Motors regarding the trailer were in willful, wanton and reckless disregard of the rights of Plaintiffs and constituted actions justifying punitive damages.

■ Basin Motor did not challenge findings 2 and 3. " 'Wrongful' is defined as injurious, heedless, unjust, reckless, unfair." *Buhler v. Marrujo*, 86 N.M. 399, 403, 524 P.2d 1015 (Ct.App.1974). In other words, it is established that Basin Motor wrongfully withheld plaintiffs' trailer and sold it contrary to law and the court's restraining order. These facts alone justify the imposition of punitive damages. However, to justify a fair result, we overlook the technicality of failure to challenge. The facts support the findings.

Basin Motor gave notice in a newspaper of its intended sale of plaintiffs' trailer on April 30, 1980. Notice was not given to plaintiffs. A relative saw the notice and called plaintiffs.

On April 30, 1980 at 8:41 a. m. plaintiffs filed a motion for a restraining order to prevent Basin Motor from disposing of plaintiffs' trailer the same day. At 8:43 a. m., the trial court issued a restraining order. Nevertheless, the trailer was sold that morning. It remained on Basin Motor's premises for several days thereafter. Nothing was done by Basin Motor to comply with the restraining order. It claims that it had no knowledge of the order before it was sold, disbelieved by the trial court. Plaintiffs demanded the trailer many times, but Basin Motor never offered to return it.

Furthermore, Basin Motor sold the trailer contrary to law. It had no authority to sell it. It was "trying to get a storage lien on it for a title at the time. And it went through fine, so ... [it] assumed everything was okay and ... [it] sold it." It had no storage lien. But, even if it did, it failed to comply with § 48–3–13 A, N.M.S.A.1978. Punitive damages have been allowed for wrongful garnishment. *Galindo v. Western States Collection Company*, 82 N.M. 149, 477 P.2d 325 (1970).

The trial court did not abuse its discretion in awarding plaintiffs punitive damages.

■ Finally, Basin Motor claims the trial court erred in finding that the reasonable value of the trailer at the time of its wrongful retention was $6,500. In an action for conversion, damages include the value of plaintiffs' interest therein at the time and place of the conversion. Although there may be some uncertainty respecting the amount of damages sustained, it is enough if the evidence presented is sufficient to enable the court to make a fair and reasonable approximation. *Cornell v. Albuquerque Chemical Co., Inc.*, 92 N.M. 121, 584 P.2d 168 (Ct.App.1978). There was sufficient evidence in the instant case.

■ As *Cornell* said:

We stand firm on our judicial concept that fairness, justice and right dealing is an equity concept that dominates all commercial practices and transactions. [Id. 126, 584 P.2d 168.]

Affirmed. GMAC and Basin Motor shall pay the costs of this appeal.

IT IS SO ORDERED.

NEAL, J., concurs.

HENDLEY, J., concurs in result only.