Rogene BAILEY and Bill Bailey,
Plaintiffs-Appellants,

v.

MONTGOMERY WARD & COMPANY,
INC., Defendant-Appellee.

No. 82CA1476.

Colorado Court of Appeals,
Div. I.

July 5, 1984.

Rehearing Denied Aug. 30, 1984.

Andersen & Gehlhausen, P.C., John Gehlhausen, Lamar, for plaintiffs-appellants.

Law Office of John E. Walberg, John E. Walberg, Denver, for defendant-appellee.

BABCOCK, Judge.

Following new trial after remand, *see Bailey v. Montgomery Ward & Company, Inc.*, 635 P.2d 899 (Colo.App.1981), judgment was entered upon a jury verdict in favor of defendant, Montgomery Ward & Company, Inc., and against plaintiffs, Rogene and Bill Bailey, on plaintiffs' claim of negligence arising from the sale and installation of new tires by defendant. Plaintiffs appeal contending that the trial court erred in refusing to submit to the jury their claims based on implied warranty of merchantability and strict liability in tort. Defendant argues that a cause of action based on either breach of implied warranty of merchantability or strict liability in tort cannot be maintained where there is both a sale and an installation of goods, and the goods themselves are not defective. We reverse and remand for new trial.

On the basis of the facts set forth in *Bailey v. Montgomery Ward & Co., Inc., supra*, plaintiffs alleged, among other things: (1) That defendant was liable for breach of warranty of merchantability because the tire, including its installation, was not of merchantable quality; (2) that defendant was strictly liable to plaintiffs because defects in the tire and its installation caused it to be unreasonably dangerous; and (3) that defendant was strictly liable because the tire, including its installation, was defective and unreasonably dangerous by reason of defendant's failure adequately to warn plaintiffs of the dangers associated with installing used tubes in new tires.

During trial, documentary evidence, consisting of defendant's own publications and brochures published by the Rubber Manufacturers Association, stating that used tubes should not be placed in new tires for safety reasons was admitted. Both plaintiffs' and defendant's expert witnesses testified that this was the recommended practice. However, defendant's expert witness testified that if a used tube was properly inspected, it could be installed safely in a new tire. There was also testimony that

the prevalent practice in the community was to install used tubes in new tires.

## I. Implied Warranty of Merchantability

■ By its terms, § 4–2–314, C.R.S., applies only to contracts for the sale of goods and not to contracts for labor or services. *See Colorado Carpet Installation, Inc. v. Palermo*, 668 P.2d 1384 (Colo. 1983). However, where a contract provides not only for the sale of goods, but also for performance of labor or service, we must determine "whether the circumstances underlying the formation of the agreement and the performance reasonably expected of the parties demonstrates the primary purpose of the contract as the sale of goods or, in contrast, the sale of labor or service." *Colorado Carpet Installation, Inc. v. Palermo, supra.* In making this determination, the following factors should be considered: (1) The contractual language; (2) whether an overall price is charged, or the goods and labor are separately billed; (3) the ratio of the cost of the goods to the overall contract price; and (4) the nature and reasonableness of the purchaser's expectations of acquiring a property interest in the goods. *Colorado Carpet Installation, Inc. v. Palermo, supra.*

■ Here, the receipts issued by defendant referred to the transaction as a "purchase" and to plaintiff Bill Bailey as "customer," and they listed the "merchandise" sold. In addition, plaintiff was charged only the price of the tires; installation was provided without additional charge. Moreover, it is clear that plaintiffs reasonably expected to acquire a property interest in the installed tires. Under these circumstances, we conclude, as a matter of law, that the primary purpose of the contract between plaintiffs and defendant was the sale of goods.

■ If a seller in connection with a sale of goods incidentally renders services in the installation of those goods, knows the use and purpose for which the goods are intended, and knows that the user is relying on his skill and judgment in connection therewith, he is liable under the theory of breach of implied warranty of merchant-

ability for each and every step of the process under his control by which the goods are transferred to the ultimate user, including any services rendered by him. *Paint Products Co. v. AA–1 Steel Equipment Co.*, 35 Conn.Supp. 52, 393 A.2d 1317 (1977); *O'Laughlin v. Minnesota Natural Gas Co.*, 253 N.W.2d 826 (Minn.1977); *Riffe v. Black*, 548 S.W.2d 175 (Ky.App. 1977). Under such circumstances, the contract for the sale of the goods and their installation should be considered as a unified whole and not divided into separate and independent parts. *Paint Products Co. v. AA–1 Steel Equipment Co., supra.*

■ From the evidence presented at trial, the jury could have found that the installation of a new tire with a used tube constituted a breach of the implied warranty of merchantability. Accordingly, the trial court erred in failing to instruct the jury on this theory.

## II. Strict Liability in Tort

■ In *Hiigel v. General Motors Corp.*, 190 Colo. 57, 544 P.2d 983 (1975), the doctrine of strict liability in tort under the *Restatement (Second) of Torts* § 402A was adopted. That theory of recovery imposes liability on a seller for physical harm caused by a product sold in a "defective condition unreasonably dangerous." "A product may be considered to be in a 'defective condition unreasonably dangerous' to the user or consumer, even though faultlessly made, if the manufacturer or supplier placed the product into the stream of commerce without giving suitable and adequate warnings or instructions concerning the safe manner in which to use it." *Kysor Industrial Corp. v. Frazier*, 642 P.2d 908 (Colo.1982). Thus, defendant's argument that a strict liability claim cannot be maintained if the product itself is not defective misses the point that failure to warn through adequate directions or instructions may itself constitute a product defect. *Anderson v. Heron Engineering Co.*, 198 Colo. 391, 604 P.2d 674 (1979).

■ Here, there is evidence tending to show that safe use of a new tire requires installation of a new tube, and it is undisputed that defendant failed to warn plaintiffs of the potential consequences and dangers associated with installing a used tube in a new tire. There being a factual basis for submitting the case to the jury under a failure to warn theory, the trial court should have instructed the jury on strict liability in tort. *Kysor Industrial Corp. v. Frazier, supra; Anderson v. Heron Engineering Co., supra.*

Plaintiffs' remaining contentions are unlikely to arise during retrial and, therefore, will not be addressed.

The judgment is reversed and the cause is remanded with directions that a new trial on plaintiffs' claims of implied warranty of merchantability and strict liability in tort be conducted.

PIERCE and BERMAN, JJ., concur.