**Gerald D. GRASMICK,**
**Plaintiff-Appellant,**

**v.**

**OTIS ELEVATOR COMPANY,**
**Defendant-Appellee.**

**No. 84–1785.**

United States Court of Appeals,
Tenth Circuit.

May 4, 1987.

Rehearing Denied June 4, 1987.

Stephen H. Cook (Bartley A. Costello, Jr., with him on the brief), Boulder, Colo., for plaintiff-appellant.

Ronald M. Sandgrund of Vanatta and Sullan, P.C. (Dean R. Vanatta, with him on the brief), Denver, Colo., for defendant-appellee.

Before SEYMOUR, SETH and ANDERSON, Circuit Judges.

SETH, Circuit Judge.

This is an appeal of plaintiff-appellant Gerald D. Grasmick's products liability and negligence claims against defendant-appellee, Otis Elevator Company. Mr. Grasmick appeals the trial court's partial directed verdict which removed the issue of Otis' negligence from the jury's consideration. Mr. Grasmick also argues that the trial court should have directed a verdict for him on the ground that the evidence did not support an assumption of the risk instruction. In addition, he contends that the trial court erred in excluding an operations manual offered in rebuttal and in other evidentiary rulings.

Mr. Grasmick was an order puller at Associated Grocers, a food distributor located in Denver, Colorado. His work consisted of moving goods stored in the warehouse to the loading docks. He drove a machine manufactured by the Otis Elevator Company in 1974 called a Moto-Truc, a three-wheeled, battery powered cart. The operator stands on it behind a safety bar and steers by using a T-bar. A grip roller gear control box rests on the T-bar. The Moto-Truc has forward, neutral and reverse gears.

The plaintiff was operating a Moto-Truc in a cold storage area and tried to slow down. Instead of slowing, the Moto-Truc went into reverse and he was thrown forward into the T-bar. The Moto-Truc then went out of reverse and began to move forward. Mr. Grasmick fell backward. As a result of the Moto-Truc's shifting, Mr. Grasmick suffered an injured back and other injuries.

Mr. Grasmick brought this action against Otis Elevator Company alleging that Otis was negligent in failing to warn buyers that the Moto-Truc's steering and gear mechanisms did not work in the cold and that this problem could be alleviated by a heater unit option. He also claimed that Otis was strictly liable for the design, manufacture, assembly and sale of a defective and unreasonably dangerous product.

In the jury trial at the close of plaintiff's case the trial court found no evidence of Otis' negligent failure to warn and directed a verdict for Otis on the negligence claim. The issue of strict liability remained. At the close of all the evidence plaintiff moved for a directed verdict on the defense of assumption of the risk. The trial court denied the motion. The jury returned a verdict against plaintiff.

■ Mr. Grasmick urges that the trial court erred in directing a verdict for Otis on the negligence issue. During the trial plaintiff's theory on this issue was defendant's failure to warn customers of the Moto-Truc's potential for spontaneous shifting in cold storage areas and in failing to inform customers of a heater unit option that could have eliminated this potential malfunctioning. Plaintiff would now have this court consider an additional negligence theory—that Otis negligently designed three components: the T-bar, the gear box and the safety bar. Since a party "generally cannot lose in a trial court on one theory and thereafter prevail on appeal on a different theory," *United States v. Lattauzio*, 748 F.2d 559, 561 (10th Cir.), Mr. Grasmick may not raise a theory here which he failed to raise in the trial court. Thus, our con-

sideration is limited to the negligent failure to warn theory as tried.

In reviewing a trial court's disposition of a motion for a directed verdict, we follow the same federal procedural standards that govern the trial court. A motion for a directed verdict tests "whether there was enough evidence to make an issue for the jury." C. Wright, The Law of Federal Courts 640 (4th ed.). The trial court "must view the evidence most favorably to the party against whom the motion is made, and give that party the benefit of all reasonable inferences." *Hurd v. American Hoist & Derrick Co.*, 734 F.2d 495, 498 (10th Cir.). A trial judge may grant a motion for a directed verdict "only when all the inferences to be drawn from the evidence are so patently in favor of the moving party that reasonable men could not differ as to the conclusions to be drawn therefrom." *Hidalgo Properties, Inc. v. Wachovia Mortgage Co.*, 617 F.2d 196, 198 (10th Cir.); *Martin v. Unit Rig & Equipment Co., Inc.*, 715 F.2d 1434, 1438 (10th Cir.).

In this diversity case, while the federal standard serves as the procedural measure of the sufficiency of the evidence, Colorado law on negligence provides the substantive measure. *Hurd v. American Hoist & Derrick Co.*, 734 F.2d 495, 498 (10th Cir.). Colorado law on negligence is well established. The Colorado Court of Appeals has explained that negligence occurs "when one party deviates from reasonable standards of care owed to another, and such conduct naturally and foreseeably results in injury to the other." *Fagerberg v. Webb*, 678 P.2d 544, 547 (Colo.App.), *rev'd in part on other grounds, Webb v. Dessert Seed Co., Inc.*, 718 P.2d 1057 (Colo.).

■ Negligent failure to warn is one species of negligence. Where a manufacturer or seller "knows or should know of unreasonable dangers associated with the use of its product and not obvious to product users, it has a duty to warn of these dangers; and a breach of this duty constitutes negligence." *Palmer v. A.H. Robins Co., Inc.*, 684 P.2d 187, 198 (Colo.). Thus, in order to survive a motion for a directed

verdict, Mr. Grasmick had to adduce sufficient probative evidence on the elements of a claim of negligent failure to warn: (1) the existence of a duty on the part of the defendant to warn buyers of any dangers that were known or should have been known, (2) breach of that duty by the defendant, and (3) injury to the plaintiff resulting from that breach. 684 P.2d at 198; *Bailey v. Montgomery Ward & Co., Inc.*, 635 P.2d 899, 900 (Colo.App.). After reviewing the record, we find that Mr. Grasmick failed to offer sufficient evidence to survive the motion for a directed verdict on the negligence issue.

■ Mr. Grasmick further argues that the trial judge's mention that the claim of negligent failure to warn "merges" with the strict liability claim demonstrates that the judge based his directed verdict ruling on a mingling of two tort theories. Strict liability and negligence theories are conceptually distinct and may be alleged in the same action. *See, e.g., Palmer v. A.H. Robins Co., Inc.*, 684 P.2d 187, 198–199 (Colo.). The totality of the judge's remarks prior to ruling on Otis' directed verdict motion shows that he considered the conceptual differences between negligence and strict liability, articulated those differences very clearly and thus did not base his directing of the verdict on the negligence issue on any misinterpretation of traditional tort concepts.

In our evaluation of Mr. Grasmick's assertion that the trial court erred in declining to direct a verdict for him on assumption of the risk and in instructing the jury on the defense, the federal procedural standards we have outlined above test the sufficiency of the evidence while state law controls the underlying substantive issue. *Peterson v. Hager*, 724 F.2d 851, 854 (10th Cir.).

■ In Colorado, assumption of the risk is a defense to strict liability. *Jackson v. Harsco Corp.*, 673 P.2d 363, 366 (Colo.). In the strict liability context, assumption of the risk is "voluntarily and unreasonably proceeding to encounter a known danger." *Nelson v. Caterpillar Tractor Co.*, 694 P.2d 867, 868 (Colo.App.); Restatement

(Second) of Torts § 402A, comment n (1965). The defendant must establish that "the plaintiff had actual knowledge of the specific danger posed by the defect in design, and not just general knowledge that the product could be dangerous." *Jackson*, 673 P.2d 363, 366. Thus, the assumption of the risk defense focuses on the plaintiff's subjective knowledge. 673 P.2d at 366. The defendant has the burden of establishing the assumption of the risk defense. *Union Supply Co. v. Pust*, 583 P.2d 276, 285 (Colo.).

A review of the record reveals that a jury could rationally have determined that Mr. Grasmick voluntarily and unreasonably proceeded to encounter a known danger. There was evidence that appellant had actual knowledge of the specific danger of the Moto-Truc's spontaneous reversal. He testified that he had seen the same Moto-Truc in which he was injured spontaneously reverse on several occasions. There was evidence that he voluntarily used the device knowing of the danger of spontaneous reversal. A portion of his deposition used to impeach him at trial indicated that he continued to use the Moto-Truc despite the spontaneous reversals. In another portion of the deposition entered into evidence, Mr. Grasmick stated that he did not report the spontaneous reversal problem to his supervisors. There was evidence that he was unreasonable in persisting to use the Moto-Truc after experiencing its spontaneous reversal.

Mr. Grasmick's testimony was quite contradictory on the assumption of risk issue and since his testimony was key to the inquiry into his subjective knowledge of the danger of spontaneous reversal and since his credibility was therefore sharply at issue, a granting of his motion for a directed verdict on assumption of the risk would have been inappropriate. In acting on a directed verdict motion, a trial court "is not permitted to consider the credibility of witnesses ... nor may a court weigh the evidence or determine where the preponderance of the evidence lies." *Martin v. Unit Rig & Equipment Co., Inc.*, 715 F.2d 1434, 1438 (10th Cir.). Since this is not a case in

which there was a complete absence of proof on the issue of assumption of the risk but rather one in which there was a controverted issue of fact as to which reasonable people might differ, 715 F.2d at 1438, the trial court's denial of appellant's directed verdict motion was proper.

We find appellant's remaining contentions without merit.

The judgment is AFFIRMED.