**Ambrosio LARRANAGA, Plaintiff,**

v.

**MILE HIGH COLLECTION AND RECOVERY BUREAU, INC., and Dale Sheen, Defendants.**

**No. Civ 91–111 JC/RWM.**

United States District Court,
D. New Mexico.

Dec. 27, 1991.

Richard J. Rubin, Santa Fe, N.M., for plaintiff.

Douglas J. Kotarek, Farlow Law Firm, P.A., Albuquerque, N.M., for defendants.

## AMENDED MEMORANDUM OPINION AND ORDER [1]

CONWAY, District Judge.

THIS MATTER comes on for consideration of plaintiff's Motion for Partial Summary Judgment, filed June 10, 1991. The Court, having reviewed the memoranda of the parties and being otherwise fully advised in the premises, finds that the motion is well-taken and will be granted.

### A. Background

On or about December 21, 1990, defendant Dale Sheen, an employee of defendant Mile High Collection & Recovery Bureau, Inc. (Mile High), repossessed the plaintiff's 1985 Ford LTD on behalf of ABQ Bank. Various items of the plaintiff's personal property were within the vehicle when it was repossessed by Mile High. On February 6, 1991, the plaintiff filed this action alleging that the repossession of the automobile was in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. (FDCPA), that the defendants violated the New Mexico Unfair Practices Act, N.M.Stat.Ann. §§ 57–12–1, et seq., and that the defendants committed the tort of conversion. In this motion the plaintiff seeks summary judgment in its favor on its FDCPA and wrongful conversion claims with respect to only the personal property within the automobile at the time of the repossession.

### B. Analysis

Summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). The movant bears the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); and *Hous-*

---

1. This memorandum opinion amends and replaces the Court's December 16, 1991 memorandum opinion addressing the same motion, and that opinion is hereby withdrawn.

*ton v. Nat'l General Ins. Co.*, 817 F.2d 83, 85 (10th Cir.1987). The non-moving party has the opportunity to show the existence of an issue of material fact; however, the Court must consider the standard of proof in the case and determine whether, considering all facts in favor of the non-moving party, that party's showing would allow a reasonable trier of fact to find for the non-moving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986), and *Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373, 1377 (10th Cir.1980). The Court must view the record in the light most favorable to the non-moving party. *See Houston v. Nat'l General Ins. Co., supra*, 817 F.2d at 85.

### 1. FDCPA Claim

■ Under section 1692f of the FDCPA, debt collectors are prohibited from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; ...". 15 U.S.C. § 1692f(6)(A). Any "debt collector" who violates this subsection is strictly liable to the injured "consumer." *See Redhouse v. Quality Ford Sales, Inc.*, 523 F.2d 1, 2 (10th Cir.1975) and *Riveria v. MAB Collections, Inc.*, 682 F.Supp. 174, 175 (W.D.N.Y. 1988). All parties agree that the plaintiff is a "consumer" and that the defendants are "debt collectors" within the meaning of the statute. The evidence before the Court demonstrates that in exchange for a purchase money loan from ABQ Bank, Mr. Larranaga granted a security interest in the 1985 Ford LTD. Even if the defendants had a "present right to possession" to the automobile pursuant to ABQ Bank's enforceable security interest, it is clear that the defendants had no such right to exercise dominion and control over the personal property contained within the automobile. The statute unambiguously prohibits debt collectors from repossessing property which is not "claimed as collateral through an enforceable security interest." The personal property within the plaintiff's automobile was not claimed as collateral and was not subject to an enforceable security interest. Therefore, plaintiff is entitled to summary judgment on this aspect of his claim.

### 2. Conversion

■ Under New Mexico law, conversion

> is the wrongful possession of, or the exercise of dominion over, a chattel to the exclusion or in defiance of the owner's right thereto; *or* an unauthorized and injurious use thereof; *or* the wrongful detention after demand therefor by the owner.

*Newman v. Basin Motor Co.*, 98 N.M. 39, 42, 644 P.2d 553 (Ct.App.1982) (emphasis added). In *Newman* the defendant repossessed a truck and the trailer attached to it. Only the truck was subject to a security interest. The defendant contended that it had a right to repossess the trailer because it was attached to the truck. The trial court ruled that the defendant was liable for conversion of the trailer and the Court of Appeals affirmed, finding that the defendant had been in "wrongful possession" of the trailer, and rejecting the defendants argument that it was not liable because the plaintiff failed to establish that there had been a "wrongful detention after demand therefore by the owner." *See id.* at 42–43, 644 P.2d 553.

Relying on *Taylor v. McBee*, 78 N.M. 503, 433 P.2d 88 (Ct.App.1967), the defendants argue that the personal property within the plaintiff's automobile was "commingled" with the automobile and that therefore the defendants came into possession of the plaintiff's personal property lawfully. The defendants contend that therefore they can be liable for conversion only under the third variant of the conversion tort set forth above. According to the defendants, a genuine issue of material fact exists concerning whether they refused to return the plaintiff's personal property upon demand, and summary judgment is thus not warranted. *Taylor v. McBee* does not establish some expansive "commingling" doctrine meant to benefit debt collectors throughout the state of

New Mexico. It simply stands for the proposition that when two or more individuals mix their property together such that one effectively exercises possession and control over all of the property, one cannot later claim that the individual in possession of the property is liable for conversion until such time as the individual in possession refuses to return such property after demand.[2] As *Newman* conclusively demonstrates, that Mr. Larranaga left items of his personal property within his automobile did not give the defendants the lawful right to repossess the personal property together with the automobile. Therefore, the plaintiff is entitled to summary judgment on this aspect of his claim.

Wherefore,

IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff's Motion for Partial Summary Judgment be, and hereby is, *granted.*

2. Taylor and McBee shared an office and mixed their medical charts together in the office's filing cabinets. The Court ruled that by virtue of this "commingling" McBee had come into lawful possession of Taylor's files, and could not be liable for conversion until such time as he refused to return them after Taylor's demand. *See id.* at 506, 433 P.2d 88.